## Marcus H. Topping *et al.*

*v.*

## Gilbert Evans.

Case—*whether the proper remedy.* Where land is sold under execution, and the defendant in the writ continues in possession, but fails to redeem from the sale, and after the time for redemption has expired, and while in possession of the property he removes a building therefrom, without the knowledge or consent of the purchaser, case is the proper form of action for the injury resulting from such wrongful act.

Writ of Error from the Circuit Court of Montgomery county; the Hon. Edward Y. Rice, Judge, presiding.

Messrs. Kingsbury & McWilliams, for the plaintiffs in error.

Messrs. Southworth & Zink, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

This was an action on the case, in the Montgomery Circuit Court, to recover damages for removing a building from a lot in the town of Litchfield, which lot, with the building thereon, the plaintiffs, as judgment creditors of the defendant, had purchased under the execution which issued on the judgment, bidding therefor the full amount of the judgment, being $624.34, and received the usual certificate therefor. It appears, on the day or day after the expiration of the time of

14—58th Ill.

redemption, the defendant, who had all along remained in possession of the premises, and not having redeemed them from the sale, without the leave or license of the plaintiffs, and against their will, moved off and took away from the premises the dwelling house of the value of $500, and placed it on another lot belonging to him, leaving the lot from which it was removed worth not more than $100. These facts are confessed by the demurrer, as they are alleged in the declaration. It is also alleged, the act was done wrongfully and unjustly, and while the plaintiffs had this interest in the premises, and done by the defendant to injure, prejudice and aggrieve the plaintiffs in such their estate and interest.

The demurrer admits all the material facts well pleaded, and one of them is, that the time of redemption had expired.

That the plaintiffs were entitled to an action for this wrong, there can be no doubt. They could not maintain trespass, as they were not in possession, nor had they the then right of possession. They had, however, a substantial interest in the lot and building upon it, and that has, been unlawfully prejudiced by the illegal act of the defendant. The remedy for such a wrong can only be, at the common law, by an action on the case.

The declaration was sufficient, and the demurrer should have been overruled. A case in point is found in 11 Johns. R. 135, *Yates* v. *Joyce.*

The judgment sustaining the demurrer is reversed and the cause remanded.

*Judgment reversed.*