### JOHN A. WEBBER v. ROBERT RAMSEY.

*Mortgage—Sale of timber—Notice—Impairing security—Action by mortgagee—Liability of purchaser.*

1. The record of a mortgage is constructive notice of the lien to a purchaser of timber standing on the mortgaged premises.

2. A mortgagee has the right to the whole security to meet the amount of his mortgage incumbrance, and cannot be compelled to take a part.

3. A mortgagor, after the mortgage was recorded, sold a portion of the timber standing on the land, and which constituted a valuable portion of the mortgage security, to a party who had no actual notice of the mortgage. The purchaser, before commencing to cut the timber, received notice of the mortgage from the assignee to whom the mortgagor had assigned his property for the benefit of his creditors after the sale of the timber, and who further advised the purchaser that the cutting

of the timber would injure the mortgagee; but, notwithstanding. such notice and advice, the purchaser entered upon the land on Sunday, with a force of men, and commenced to cut the timber. While proceeding with the work, the mortgagee declared the entire mortgage debt to be due under the interest clause in the mortgage, filed a bill of foreclosure, and secured an injunction restraining the cutting or removing of the timber, but which injunction was afterwards modified so as to permit the purchaser to remove the timber already cut, and after which, by stipulation, the bill was dismissed, without prejudice as to the purchaser, and a decree taken against the remaining defendants for the amount of the mortgage. A sale of the mortgaged premises failed to satisfy the amount due, and, without taking out an execution for the deficiency,—the estate of the mortgagor having paid less than two per cent. of his unsecured debts,—the mortgagee sued the purchaser to recover the value of the timber taken from the land. And it is held that the plaintiff is entitled to recover.

Error to Ionia. (Smith, J.) Submitted on briefs February 16, 1894. Decided April 10, 1894.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*George E. Nichols* and *F. D. M. Davis,* for appellant, contended:

1. To enable the plaintiff to recover, it must appear that the purchasing and cutting of the timber was done by the defendant, knowing that the mortgagor was insolvent, that the rights of the mortgagee would be impaired and his security diminished, and that he would be defrauded thereby; citing *Van Pelt v. McGraw,* 4 N. Y. 110; *Wilson v. Maltby,* 59 Id. 126; *Yates v. Joyce,* 11 Johns. 136; *Gardner v. Heartt,* 3 Denio, 232; *Jones v. Costigan,* 12 Wis. 677; *Buckout v. Swift,* 27 Cal. 436.

2. In view of the fact that the findings of fact fail to show that the mortgagor was insolvent when the suit was commenced, or that the defendant had any knowledge of the plaintiff's rights as mortgagee, or knew that, by removing the timber, he was impairing the mortgage security, or that he acted in bad faith, but, on the contrary, it affirmatively appearing that, at the time the defendant purchased the timber, he had no actual knowledge of the mortgage lien, or of the insolvency or financial condition of the mortgagor; that he took a bill of sale

of the timber, for which he paid $225; that, after such pur-
chase and payment, he heard that the mortgagor had
made an assignment, and inquired of the assignee whether
there would be any objection to his cutting the timber, and
was then, for the first time, informed of the existence of the
mortgage, but that no one would be injured by such cutting,
unless it was the plaintiff, so far as the assignee knew; that
the premises were worth $8,000, and the mortgage debt, includ-
ing interest, was $8,163; and that the defendant has acted in
good faith in the whole matter, and without any intent to
defraud,—the following cases show that the defendant is not
liable in this action: *Wilson v. Maltby,* 59 N. Y. 126; *Cooper
v. Davis,* 15 Conn. 556; *Vanderslice v. Knapp,* 20 Kan. 647;
*Tomlinson v. Thompson,* 27 Id. 70; *Shephard v. Little,* 14
Johns. 216; and see Cooley, Torts, 335, 336.

3. There are other reasons which estop the plaintiff from any
right of recovery in this case, namely, that the timber was
cut before the plaintiff exercised his option and declared the
mortgage debt due, and commenced suit by foreclosure; that
in such suit the defendant here was made a defendant, and
enjoined from cutting or removing the timber, which injunc-
tion was subsequently modified so as to permit the removal
of the timber which had been cut; that the complainant after-
wards amended his bill, and asked for an accounting against
the defendant for this timber, and then, by stipulation, dis-
missed his bill as against the defendant, and proceeded to a
sale of the mortgaged premises without further notice to him,
and without the taxed bill of costs being sworn to; citing
*Stout v. Keyes,* 2 Doug. 184; Cooley, Torts, 336, and cases
cited.

4. In this connection, attention is called to the fact that no execu-
tion for the deficiency was taken out, and that it does not
appear that the per cent. paid by the assignee was ever
credited upon this indebtedness; citing *Shields v. Riopelle,* 63
Mich. 458; nor does it appear that plaintiff obtained leave to
bring this action; citing How. Stat. § 6703; *Joslin v. Mills-
paugh,* 27 Mich. 517; *Goodrich v. White,* 39 Id. 489; *Vaughan
v. Black,* 63 Id. 215.

*William O. Webster,* for plaintiff.

LONG, J.    September 16, 1885, Levi Shotwell and wife
executed a mortgage to the plaintiff for $7,000, with
interest at 7 per cent., payable annually. The mortgage
covered 254 acres of land, and was recorded in the office

of the register of deeds on the day of its execution. The mortgage contained an interest clause providing that, should any default be made in the payment of the interest, or any part thereof, on any day when payable, and the same should remain unpaid for 20 days, the principal, with all arrearages of interest thereon, should, at the option of the holder of said mortgage, become due and payable. September 16, 1889, Shotwell made default in the payment of the annual installment of interest. October 21, 1889, defendant in this suit purchased from Shotwell the timber on 12 acres of the mortgaged land, paying $225 therefor, and taking a bill of sale of said timber from Shotwell. At the time of this purchase the defendant had no actual knowledge of the plaintiff's mortgage, though it was of record, but he was informed of it before he entered upon the land and cut and removed the timber. October 24 of that year, Shotwell made a common-law assignment of all his property to Laban A. Smith, and on the final settlement of that estate it paid only one cent and 48-100 on a dollar of his unsecured indebtedness. October 26 defendant saw Shotwell, and ascertained that he had made such an assignment. He then called upon the assignee to get his permission to cut the timber, and was advised by him that the plaintiff would be injured by the cutting of the timber. On Sunday, October 27, defendant entered upon this 12 acres with a force of men, and commenced to cut the timber. While proceeding with this work, and on November 1, the plaintiff exercised his option under the interest clause in his mortgage, and commenced a suit in the circuit court for the county of Ionia, in chancery, to foreclose the mortgage, and made Shotwell and his wife, the assignee, and the defendant herein defendants in that suit. An injunction was allowed by the court, restraining the defendant from cutting or removing the timber in question, but it was afterwards modified, and the defend-

ant allowed to remove the timber already cut, but restraining him from any further cutting. Subsequently, the complainant in the foreclosure suit, by a stipulation between the solicitors, and the order of the court thereon, dismissed his bill of complaint as to defendant Ramsey without prejudice, and thereupon the suit proceeded · to a decree against the other defendants. The decree of foreclosure was for $8,163, and was dated December 22, 1890. On February 21 following, the premises were sold under, said decree, and struck off to the plaintiff here for $6,500, he being the highest bidder, and that being the highest sum offered for them. The circuit court commissioner who made the sale reported a deficiency of $1,837.84; and the sale was duly confirmed. No execution was ever issued for the collection of this deficiency.

This action was brought by the plaintiff to recover from defendant, Ramsey, the value of the timber taken from the land. The cause was heard before the court without a jury, and the court made findings of fact and law, and entered judgment for plaintiff for $300, finding that sum to be the value of the timber taken. The court found as a fact that the trees and timber standing and growing upon the mortgaged premises constituted a valuable part of the security for said mortgage indebtedness, and that the cutting of the same injured and deprived the plaintiff of his said security to the extent of the value of said trees and timber cut down and removed. Exceptions were taken to the conclusions of law, and the points raised for consideration here, as claimed by defendant's counsel, are—

1. That, as matter of law, the defendant is entitled to the judgment.

2. That, by reason of there never having been issued any execution for the deficiency on the sale on said foreclosure, the plaintiff is not entitled to recover.

3. That, defendant having purchased the timber of Shotwell in good faith, and paid for the same before notice of

the mortgage, he was entitled to remove such timber from the land.

4. That plaintiff had no interest in the land that would enable him to recover from the defendant for the alleged trespass by way of taking the timber that defendant had purchased, and that the plaintiff had no possessory rights before foreclosure.

The main contention upon the part of defendant is that the facts found by the court below do not warrant a recovery; that, in order to enable the plaintiff to recover, it must appear that the defendant, at the time of his purchase of the timber, knew that the mortgagor was insolvent, and that the taking of the timber would impair the plaintiff's security; and that, inasmuch as the court found the mortgaged premises to be worth about $8,000 at the time the timber was cut, and there was no finding that defendant knew of Shotwell's insolvency, judgment should have been given for defendant. It is conceded that circumstances may exist under which a mortgagee might recover for the removal of timber or other things from mortgaged premises by another, but it is claimed that such facts are not shown here; that, in order to recover, it must be shown that the purchasing and cutting of the timber was done by the defendant, knowing that the mortgagor was insolvent, and that the mortgagee's security would be impaired.

The findings of fact made by the court amply support the judgment. The mortgage was duly recorded before the sale of the timber was made to the defendant. He had constructive notice of the mortgage, therefore, before the purchase was made by him. Before any timber was cut, he had actual notice of the mortgage and of the insolvency of the mortgagor. Notwithstanding such notice, he went upon the premises on Sunday, with a force of men, and did the cutting. He knew at this time that the removal of the timber would impair the security of the

mortgagee. The mortgage was a valid incumbrance upon the land, and the mortgagee had the right to the whole security to meet the amount of his mortgage incumbrance, and could not be compelled to take a part. The facts found by the court below show conclusively that the defendant was not acting in good faith in cutting the timber and in attempting to remove it. Upon the sale of the premises it was demonstrated that the mortgage security was lessened by the act of the defendant. It is not like some of the cases cited by defendant's counsel, where the property removed had gone into the hands of an innocent purchaser after its removal, and the action was commenced to recover against such third party. Here the party committing the act by which the mortgage security was lessened in value is made the party defendant, and the action is to recover from him the value of what he has taken away. The case falls within the principles laid down in *Van Pelt v. McGraw*, 4 N. Y. 110, in which the action was permitted to be maintained. Any other rule than this would permit the lands to be stripped of valuable timber, and even of the buildings, to the damage of the mortgagee. The buildings or timber frequently are the main part of the mortgage security; and, if 12 acres of timber could be cut and removed under the circumstances here stated, then the whole might be removed, or all the buildings removed, and the mortgagee would be without remedy. The bill upon which the injunction was allowed was dismissed as to defendant here without prejudice, and the defendant thereupon removed the timber cut. He must answer for its value.

Judgment affirmed.

The other Justices concurred.