SHOWALTER, Circuit Judge,
after making the foregoing statement, delivered the opinion of the court.
By the rule in Illinois, the remedy of complainant is an action at law to recover against defendant whatever damages, if any, complainant sustains by the building and use of the railway track on the public street. In Illinois the right to stop such a use of the public street as is here objected to is not incidental to complainant’s ownership of an abutting lot. As declared by the highest judicial authority of the state, the frontage statute adds nothing to the property right of a frontager. In building its railway track in the street, the defendant acts under color of the ordinance; that is to say, under an assumed grant from the city. A judicial proceeding to enjoin defendant—in other words, to determine whether the ordinance is valid or invalid, whether the additional use of the street is lawful or unlawful—must be by the city, or the attorney general as representing the public. *10 Under the constitution (section 13, art. 2) and laws of the state, the frontager may, as already said, recover whatever damages he sustains by reason of the additional public burden on the street; but he cannot control the public use of the street as a highway by preventing the construction thereon of additional facilities for the traveling public. To this effect are the decisions of the supreme court of Illinois. Patterson v. Railroad Co., 75 Ill. 588; Corcoran v. Railroad Co., 149 Ill. 295, 37 N. E. 68. Doane v. Railroad Co. (opinion filed on the 16th day of October, 1896, in the supreme court of Illinois, and not yet officially reported) 46 N. E. 520.
The ownership of real estate in Chicago by a nonresident is subject to precisely the same limitations as though vested in a person residing in that city. The local law, as declared in the Illinois constitution and statutes, and in the judicial opinions of the highest court of the state, is determinative in the one case, as in the other. 3STo question arising out of the constitution of the United States, or any federal statute, is here involved. The subject-matter of the litigation is local, and not transitory; and it is the rule of land law in Illinois, and not elsewhere, which must measure the rights of the parties. By that rule, the dominion and proprietorship which this complainant exercises over his lot on Wabash avenue does not comprehend the right to stop the proposed improvement on the public street in front of his lot. This court cannot, therefore, disturb the ruling appealed from. The assignment- of error here, namely, that the circuit court erred in not granting the preliminary or pendente lite injunction, is overruled, the order appealed from is affirmed, and the cause remanded to the circuit court for further proceedings not inconsistent with this opinion.