## Minneapolis Trust Company v. Isedore Verhulst, Impleaded, etc.

1. APPEALS—*What is a Final Order.*—Where the liability is several and not joint, a decree against one of several defendants, upon a trial by agreement of the issues affecting him only, is final as to such defendant, although the suit is continued as to the other parties.

2. APPELLATE COURT PRACTICE—*Questions Which Can Not be Raised for the First Time in the Appellate Court.*—The point that a corporation organized under the laws of a sister State can not bring a suit in the courts of this State, without first having complied with the statutes authorizing it to do business in this State, can not be raised for the first time on appeal in the Appellate Court.

3. WASTE—*Cutting Timber.*—To despoil lands of valuable timber can not be regarded of itself as an improvement or repair to the land.

Minneapolis Trust Co. v. Verhulst.

4. Same—*Defined.*—Waste is a spoil or destruction in houses, garden, trees, or other corporeal hereditaments to the disherison of him that hath the remainder or reversion in fee simple or fee tail.

5. Same—*Actions for by Mortgagees.*—An action at law for the commission of waste will not lie in behalf of a mortgagee having only a contingent interest in the premises.

6. Mortgages—*Rights of Mortgagor While in Possession—Waste.*—A mortgagor may exercise the rights of an owner while in possession, provided he does nothing to impair the security, but a court of chancery will stay the commission of waste by the process of injunction.

**Bill,** for receiver and relief. Appeal from the Circuit Court of Henry County; the Hon. Hiram Bigelow, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

Dunham & Foster, attorneys for appellant.

W. R. Moore, attorney for appellee, contended that the order dissolving the injunction and dismissing the bill, amended bill and supplemental bill, as to appellee Verhulst, is not a final order from which an appeal will lie. The bill must ask for no relief but an injunction. Otherwise an order dissolving can not be appealed from. Racine & M. R. R. Co. v. Farmers' Loan & Trust Co., 70 Ill. 249; Hunter v. Hunter, 100 Ill. 519; Thompson v. Follansbee, 55 Ill. 427; Pentecost et al. v. Magahee, 4 Scam. 326; Cornelius v. Coons et al., Breese, 37; Young v. Grundy, 7 Cranch, 548; Gunn v. Donoghue, 135 Ill. 479; Titus et al. v. Mabee et al., 25 Ill. 257; Shaw et al. v. Hill et al., 67 Ill. 455; Weaver v. Poyer et al., 70 Ill. 567; Prout v. Lomer et al., 79 Ill. 331; Benevolent Ass'n of P. F. D. v. Farwell, 5 Brad. 240; Village of Jefferson v. Bohemian N. C. Ass'n, 5 Brad. 230; Atkins v. Huston et al., 5 Brad. 326; Lacey v. Baker et al., 5 Brad. 426; Sweet v. Merki, 27 Ill. App. 245; Martin v. Jamison, 39 Ill. App. 248; Gillett v. Booth, 6 Brad. 429; Packer v. Roberts et al., 44 Ill. App. 232; Keenan v. Williams et al., 45 Ill. App. 530; Lee v. Yanaway, 52 Ill. App. 23; Hayes v. Fischer, 102 U. S. 121; Grant v. Phœnix Life Insurance Co., 121 U. S. 118.

The Minneapolis Trust Company never complied with the act of July 1, 1887, entitled " An act to provide for and regu-

late the administration of trusts by trust companies," and therefore the mortgage to it was void. Sec. 25, Chapter 32, Starr & Curtis, p. 1017; Paragraph 94, Sec. 6, Chapter 32, Starr & Curtis, p. 1041; United States Trust Company v. Lee, 73 Ill. 142; Cincinnati Mutual H. Ass. Co. v. Rosenthal, 55 Ill. 85; Carroll v. City of East St. Louis, 67 Ill. 568; Pennsylvania Ins. Co. v. Bauerle, 143 Ill. 459; Hazelton Boiler Co. v. Hazelton Tripod Boiler Co. et al., 142 Ill. 494; Granite State P. Ass'n v. Lloyd, 145 Ill. 620; City of Fulton v. Northern Ill. College, 158 Ill. 333.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

The Briar Bluff Mining and Stock Company, a corporation organized in this State for pecuniary profit, executed a trust deed December 1, 1891, duly recorded, upon certain real estate therein described, to secure $100,000 of its bonds for the payment of money, issued by it in denominations of $500 each, on the date mentioned, payable December 1, 1898, with seven per cent interest payable annually according to coupons attached, and in case of non-payment of interest, foreclosure proceedings might be instituted after the expiration of six months from the time of such default, upon demand of a holder of any of the bonds. Appellant is named in the trust deed as the trustee. The mortgagor having defaulted in the payment of interest for more than six months, Henry A. Ainsworth, the owner of 101 ($50,500) of the bonds secured by the trust deed, demanded the appellant to foreclose the trust deed for his benefit, whereupon appellant, in compliance with such demand, filed the present bill in its own name against the Briar Bluff Mining and Stock Company. The bill was afterward amended and several new parties defendant added, one of the new parties being the appellee, who is by the bill charged with wrongfully cutting and removing large quantities of timber from the mortgaged premises, whereby the security of the mortgage is impaired; that appellee persists in an intention to continue in such spoliation and that he is insolvent, and the bill prays for an

accounting for the timber already cut and removed, that he be perpetually enjoined from further waste, and for general relief. Upon the bill, as amended, a temporary injunction issued against appellee and a receiver was also appointed by the court. All the defendants to the bill as finally amended were defaulted except appellee, who answered admitting the cutting and removal of the timber from the mortgaged premises, and claimed it was done to prepare the land for grazing, relying upon the provision of the trust deed that nothing therein should prevent making any improvement or addition which might be necessary or convenient for the purpose of operating the mortgaged property provided the improvement did not injure the value of the property, and insisting the cutting and removal of the timber was a benefit to the land. Appellee claimed the right to do this under a contract made by the president and general manager of the mortgagor, January 24, 1893, with Stoddard and Lewis, who for $2,500 paid to them, had assigned their rights to him. By stipulation of the parties the cause was heard by the court upon the issues made by the bill and the answer of the appellee only, and presumably the cause was continued as to all other defendants. The court found the issues for appellee and dismissed the bill as to him for want of equity, and dissolved the injunction, from which appellant prosecutes this appeal and asks a reversal thereof for alleged errors.

Appellee has moved this court to dismiss the appeal on the ground, as argued by counsel, the order dissolving the injunction and dismissing the bill as to appellee only, is not a final order from which an appeal will lie. We see no force in this point. The bill prayed an accounting, perpetual injunction, and for general relief. Had the issues made by the bill and answer been found against appellee, a personal decree for the value of the timber cut and removed might have been rendered against him, and the lease under which he claimed canceled and set aside, as against appellant's rights under the mortgage. Appellant can not complain the decree was not final as to the rights of all the

parties, because the hearing as to him only was by his own agreement. Moreover it has been held that a decree may be as to part of the defendants and the cause continued as to others, when the liability is several and not joint. Gage v. Rohrbach, 56 Ill. 262; Munger v. Jacobson, 99 Ill. 352. Here appellee alone was charged with cutting timber, and the only issue determined by the decree was, therefore, his several liability. We think, as to appellee, the decree is final, and the motion to dismiss the appeal will be denied.

Counsel for appellee argue, in support of the decree, that appellant being a corporation organized under the laws of a sister State, and inasmuch as it does not appear it has complied with the statute of this State, as they contend, whereby, as alleged, certain conditions are imposed as a prerequisite to the right of appellant to do business in this State, therefore the mortgage is void, and numerous authorities are cited in their effort to sustain this position. Without intending to express any opinion concerning the validity of this position as an abstract question, we may be permitted to say that so far as we can ascertain from the record, the question is, for the first time in this case, raised in this court. Had the question been made in the Circuit Court, the absent proof, if necessary, might have been supplied, or, if that court had sustained the point, opportunity for amendment would there have been afforded, and if appellant has not the right to maintain the suit in its own name, Ainsworth, the holder of the bonds, and beneficiary for whose benefit in part the mortgage was given, would su. ely have the right to do so. Appellant has no interest in the property except as the mere representative of the beneficiary. It may be doubted, on general principles, had the question been raised in apt time in the proper court, whether appellant alone, without the joinder of Ainsworth, has the right to maintain the bill. However, the facts averred are that the latter demanded appellant to bring the suit, so that it appears, although he is not a party to it, the same was prosecuted for him and upon his demand, and we are therefore of the opinion the question comes too late for the first time in this court.

It is also contended by counsel that appellee had the right, under the exceptions contained in the mortgage, to cut the timber and dispose of it as an improvement and repair to the premises. We can not agree to the proposition that to despoil lands of valuable timber is, of itself, an improvement or repair to the land, and this contention is therefore, in our opinion, without merit.

It is finally insisted that cutting the timber and selling it in no way impaired the security to the beneficiaries under the mortgage. The averment of the bill is, the land was scant security for the bonds issued. The evidence shows appellee paid $2,500 for the privilege of cutting timber, and it would be unreasonable to suppose he paid more than it was worth; it appears, also, before the injunction was issued against him, appellee had taken timber from the lands of the value of $5,024. It is false logic to say such facts do not prove an impairment of the value of the land. The theory advanced that the land was more valuable for stock raising after the timber was cut off has nothing in the evidence to rest upon. If the stumps had been removed and the land cultivated to grass, such might be true, but no estimate seems to have been taken of the cost of this necessary improvement to effect such use of the premises.

Waiving the question of the authority of Blethen, the president and general manager of the company, to make the contract with Stoddard & Lewis, under which appellee seeks to justify his acts, it is sufficient to say the latter, under such contract, would have no different or greater rights against the mortgagee than the mortgagor itself. The mortgage was prior in time to the contract of appellee, and he was, therefore, subordinated to it. Waste is a spoil or destruction in houses, gardens, trees or other corporeal hereditaments, to the disherison of him that hath the remainder or reversion in fee simple or fee tail. 2 Blackstone, Chap. 18, Sec. 6. Chancellor Kent, Vol. 4, p. 165, says: "The mortgagor may exercise the rights of an owner, while in possession, provided he does nothing to impair the security; but a court of chancery will always,

on application of the mortgagee, and with the object in view, stay the commission of waste by the process of injunction. An action at law by the mortgagee will not lie for the commission of waste, because he has only a contingent interest."

It seems beyond dispute, the appellee, without legal justification or excuse, committed waste to the extent of impairing the security of the mortgage, and it therefore follows, the decree of the Circuit Court is clearly wrong, and it will be reversed and the cause remanded.