SARAH JANE WARE et al.

v.

THEODORE H. SCHINTZ, Trustee.

*Opinion filed April 18, 1901.*

1. MORTGAGES—*temporary imprisonment of trustee in penitentiary is not a "removal" from the county.* Temporary imprisonment in the penitentiary of the trustee named in a trust deed is not a "removal" on his part, within the meaning of a clause in the deed providing for the vesting of the legal title in his successor in trust in case of the trustee's "death, removal from said county of Cook, permanent inability or refusal to act."

2. SAME—*trustee may bring ejectment against grantor in deed of trust.* The relation between the grantor in a trust deed and the trustee is that of mortgagor and mortgagee, and as against the grantor the trustee is the owner of the fee, and may, after condition broken, maintain ejectment against the grantor.

3. SAME—*legal title is in trustee in deed of trust until debt is extinguished.* Until it is extinguished by payment of the mortgage indebtedness or the operation of the Statute of Limitations the legal title is in the trustee named in a deed of trust, for the purpose of obtaining satisfaction of the debt.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

J. B. LANGWORTHY, for appellants.

IVES, MASON & WYMAN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action in ejectment, brought in the superior court of Cook county by Theodore H. Schintz, trustee, for the use of George Patzcker, against Sarah Jane Ware and William W. Ware, to recover possession of lot 73 in Mary Ann Bayley's subdivision of block 8, in Wright & Webster's subdivision of the north-east quarter of section 12, township 39, north, range 13, east of the third principal meridian, Cook county, State of Illinois.   The

declaration is in the usual form, and defendants pleaded the general issue.

To maintain title in himself the plaintiff introduced in evidence a trust deed dated November 22, 1895, executed by said defendants, conveying to the plaintiff the above described real estate in trust, for the purpose of securing the payment of nine promissory notes executed by the defendants, bearing even date with said trust deed, payable to their order and by them endorsed, one of which notes is a principal note for the sum of $600, due four years from the date thereof, and eight of said notes being interest notes, each for the sum of $21, due, respectively, on the 22d day of May and November in each year during said period of four years. Plaintiff also offered in evidence the note for $600 described in said trust deed. George Patzcker, the owner of said note, testified to the genuineness of the defendants' signatures upon said note, and that the same was wholly unpaid, which was all the evidence offered by the plaintiff. The defendants recalled George Patzcker, who testified that he had known Theodore H. Schintz since 1895, and that said Schintz was then and had been confined in the penitentiary at Joliet, in Will county, since the month of March, 1899. Defendants also offered in evidence a transcript of the record of the criminal court of Cook county in the case of the People of the State of Illinois against Theodore H. Schintz, from which it appeared said Schintz was found guilty of the crime of larceny and on February 7, 1898, sentenced to the penitentiary at Joliet until he should be discharged by the State Board of Pardons, provided such term of imprisonment should not exceed the maximum term for which he was convicted and sentenced, which was all the testimony offered by the defendants.

Said trust deed, among other things, contains the following provision: "It is agreed that in case of death, removal from said county of Cook, permanent inability

or refusal to act of said grantee, Theodore H. Schintz, then the Chicago Title and Trust Company, a corporation organized and existing under the laws of the State of Illinois, shall be and hereby is appointed and made successor in trust with like powers and authority, and the title to said premises shall thereupon become vested in said successor in trust for the uses and purposes aforesaid. In case of the temporary absence from said county of Cook or temporary inability to act of the said grantee, Theodore H. Schintz, at any time when his action hereunder may be required by any person entitled thereto, then the said Chicago Title and Trust Company shall exercise any and all the powers hereby conferred, with the same effect, in all respects, as if said absence or disability were permanent, and its recital that such contingency has occurred shall be sufficient evidence thereof."

At the close of all the evidence the defendants moved the court to instruct the jury to find the defendants not guilty; also, to instruct the jury that if they found, from the evidence, that prior to the institution of this action the plaintiff removed from the county of Cook, to find the defendants not guilty,—both of which instructions the court declined to give, and at the request of the plaintiff instructed the jury to find the defendants guilty of unlawfully withholding from the plaintiff the premises described in the declaration, and that plaintiff is the owner in fee simple of said premises and entitled to the immediate possession thereof, in obedience to which instruction the jury so found, and the court, having overruled a motion for a new trial, entered judgment on said verdict, from which judgment the defendants have prosecuted an appeal to this court.

It is contended by appellants that by reason of the incarceration of the appellee in the penitentiary at Joliet, in Will county, the title to the real estate invested in him and the powers conferred upon him by said trust deed

passed from him and became vested in the Chicago Title and Trust Company, as his successor in trust, and that he is powerless to maintain this action. The trust deed provides that in case of the "temporary absence" of the appellee at any time when his action under said trust deed should be required, the Chicago Title and Trust Company shall exercise any and all powers conferred by said trust deed, with the same effect, in all respects, as if the absence or disability of appellee were permanent. The title to said premises, however, in case of such "temporary absence," is not to vest in such successor in trust, but is to vest in such successor in trust only in case of the trustee's "death, removal from said county of Cook, permanent inability or refusal to act." The controlling question here, therefore, is, has the temporary imprisonment of appellee in a foreign county caused his *removal* from said county of Cook? We think not. The word "removal," as used in the trust deed, contemplates something more. It signifies a permanent absence—a change of domicil. In the case of *Equitable Trust Co.* v. *Fisher*, 106 Ill. 189, the trust deed provided, in case of the trustee's "death, absence from this State, inability or refusal to act," that his successor in trust be invested with the title to the property, with all his rights and powers to act. On page 197 it is said: "A fair and reasonable construction of the language would require a permanent absence, and not a mere casual or temporary absence." The domicil of the appellee during his imprisonment will remain in the county of Cook. "The general rule is, that a person's domicil is not changed by imprisonment in a place other than his usual place of abode, but that in such case his antecedent domicil remains." (10 Am. & Eng. Ency. of Law,—2d ed.—35.) The language of this trust deed clearly makes a distinction between "temporary absence" and "removal," and as ejectment must be brought by the holder of the legal title, and that title is in appellee, the action was properly brought by him.

The further contention that the court erred in instructing the jury to find the plaintiff to be the owner in fee simple of said premises cannot be sustained. The statute (Hurd's Stat. 1899, chap. 45, sec. 30, p. 730,) provides the verdict shall specify whether the estate established by the plaintiff is in fee, for life or for years. The relation of plaintiff and defendant to each other is that of mortgagor and mortgagee, and under the repeated rulings of this court a mortgagee, as against the mortgagor, is held, as in England, in law, to be the owner of the fee, having the *jus in re* as well as *ad rem*, and entitled to all the rights and remedies which the law gives to such owner, and may, after condition broken, maintain ejectment against the mortgagor. The mortgagor or his assignee, however, is the legal owner of the mortgaged estate as against all persons excepting the mortgagee or his assigns. (*Delahay* v. *Clement*, 3 Scam. 201; *Vansant* v. *Allmon*, 23 Ill. 30; *Carroll* v. *Ballance*, 26 id. 9; *Oldham* v. *Pfleger*, 84 id. 102; *Fountain* v. *Bookstaver*, 141 id. 461; *Esker* v. *Heffernan*, 159 id. 38.) The fee title held by the mortgagee is in the nature of a base or determinable fee. The term of its existence is measured by that of the mortgage debt. When the latter is paid or becomes barred by the Statute of Limitations the mortgagee's title is extinguished by operation of law. (*Pollock* v. *Maison*, 41 Ill. 516; *Harris* v. *Mills*, 28 id. 44; *Gibson* v. *Rees*, 50 id. 383; *Barrett* v. *Hinckley*, 124 id. 32; *Lightcap* v. *Bradley*, 186 id. 510.) Until it is extinguished the legal title is in the mortgagee for the purpose of obtaining satisfaction of his debt.

The judgment of the superior court is affirmed.

*Judgment affirmed.*