## HUMMER v. R. C. HUFFMAN CONST. CO.

### No. 4785.

Circuit Court of Appeals, Seventh Circuit.

Feb. 17, 1933.

James Eugene Malone, Jr., and Robert Graham Smith, both of La Salle, Ill., for appellant.

George A. Shurtleff, of Peoria, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This suit was originally instituted in the circuit court of La Salle county, Ill., on June 25, 1931, and was later removed to the federal District Court for the Northern District of Illinois on account of diversity of citizenship, the amount involved exceeding $3,000.

The declaration in substance alleges that on March 2, 1925, Mitchell was indebted to the trust company upon certain bonds in the principal amount of $27,500, and owned the real estate in controversy; that on the last-named date Mitchell and his wife executed and delivered to appellant a deed of trust which conveyed and warranted said real estate in trust for the purpose of securing said indebtedness; and that said lands, abutting the north side of the Illinois river, were fertile and adapted to agriculture and suitable for farming, and ever since March 2, 1925, Mitchell has remained in exclusive possession thereof.

The declaration further alleges that subsequent to 1928 appellee, an Ohio corporation, was engaged in dredging the Illinois river near the land so held in trust by appellant; that appellee, in accomplishing said dredging project, and with full knowledge of said indebtedness and trust deed, deposited upon 125 acres of said land great quantities of mud, clay, sand, rocks, and débris which formed a stratum of the depth of 4 feet, and as a result thereof rendered said land unfit for farming or for any other purpose, and therefore worthless as security for said bonded indebtedness; that in pursuit of said project appellee entered upon said land, and obstructed and destroyed a large amount of tile drainage which theretofore had been constructed and maintained for draining the lands in controversy, and as a result thereof has rendered said land totally unfit for cultivation. It is further alleged that the indebtedness is due and owing, and that at the time the suit was filed Mitchell was insolvent; and that, by reason of the facts thus pleaded, the said land has been seriously and irremediably damaged, and its value as security for said bonded indebtedness seriously and greatly impaired and destroyed, to appellant's injury and damage in the sum of $20,000.

The question is whether appellant, before breach of the condition of the trust, and before taking possession as a result of the breach, may maintain an action at law against the third party for the damages resulting from his trespass on the mortgaged premises.

■ The essential elements of an action in case are: (1) The existence of a duty imposed by

law owing by one to another; (2) a violation of that duty; and (3) a consequent injury so connected with the failure to perform that duty that the failure is the proximate cause of the injury. Puterbaugh, Common Law Pleading and Practice (10th Ed.) par. 682; New Staunton Coal Co. v. Fromm, 286 Ill. 254, 121 N. E. 594.

■ The trust deed in controversy is not incorporated in the complaint, nor are its terms more fully described than hereinbefore stated, but from the pleadings and the statements of counsel it may fairly be conceded to be a mortgage for the security of the bonded indebtedness. Illinois Trust Co. v. Bibo, 328 Ill. 252, 159 N. E. 254. See, also, Chapin v. Foss, 75 Ill. 280. The construction, operation, and effect of this trust deed is to be determined by the law of Illinois. Burr v. Beckler, 264 Ill. 230, 106 N. E. 206, L. R. A. 1916A, 1049, Ann. Cas. 1915D, 1132; Lobenstine v. Union Electric Railway Co. (C. C. A.) 80 F. 9; Abraham v. Casey, 179 U. S. 210, 21 S. Ct. 88, 45 L. Ed. 156.

■ Under the law of Illinois, a trust deed for the security of a debt, which in effect is a mortgage, operates at law as a conveyance to the trustee or mortgagee of the legal title in the mortgaged premises, which title is in the nature of a determinable fee; and the duration of the estate is limited upon condition that the indebtedness secured thereby remains undischarged and unpaid. Ware v. Schintz, 190 Ill. 189, 60 N. E. 67; Esker v. Heffernan, 159 Ill. 38, 41 N. E. 1113; see also Bradley v. Lightcap, 195 U. S. 1, 24 S. Ct. 748, 49 L. Ed. 65.

The Illinois decisions recognize the mortgagor's right to maintain an action of case for an injury to his reversion while the mortgagee is in possession following foreclosure. Frankenthal v. Mayer, 54 Ill. App. 160. In Dorr v. Dudderar, 88 Ill. 107, it is held that, where a house is wrongfully removed from mortgaged premises by a third party, the mortgagee may maintain an action at law in replevin to recover it. In Topping v. Evans, 58 Ill. 209, it was held that a judgment creditor holding a certificate of purchase which had not yet ripened into a deed might maintain an action in trespass on the case for damage to the lot and building covered by the certificate. No Illinois case has come to our notice in which the exact question before us has been passed upon by the Supreme Court of that state, but the Dorr Case, supra, indicates rather definitely that that court recognizes the right of a mortgagee to proceed at

law, and the Topping Case sustains that principle.

Appellee has called to our attention Minneapolis Trust Co. v. Verhulst, 74 Ill. App. 350, in which it is stated that an action at law by the mortgagee will not lie for the commission of waste, because he has only a contingent interest. However, that case granted relief to a mortgagee who, it was held, rightly brought his bill in equity against a mortgagor for despoiling the mortgaged premises, while in the instant case we have other parties involved; namely, a mortgagee against a stranger for trespass, resulting in destruction of the premises securing bonded indebtedness. Hence the situations are not analogous. Moreover, that statement was not necessary to the decision of the question then before the court, and it is provided by statute that the opinions of that court shall not be binding authority in any cause or proceeding other than that in which the opinion may be filed. Smith-Hurd Rev. St. 1931, c. 37, § 41, Cahill's Revised Statutes 1931, c. 37, par. 49.

■ The greater weight of authority in the United States holds that a mortgagee may maintain an action and recover damages, if any, against a mortgagor in possession or a stranger who has injured the mortgaged property and impaired the security. Waterman v. Mackenzie, 138 U. S. 252, 11 S. Ct. 334, 34 L. Ed. 923; Lavenson v. Standard Soap Co., 80 Cal. 245, 22 P. 184, 13 Am. St. Rep. 147; Searle v. Sawyer, 127 Mass. 491, 34 Am. Rep. 425; Delano v. Smith, 206 Mass. 365, 92 N. E. 500, 30 L. R. A. (N. S.) 474; Verner v. Betz, 46 N. J. Eq. 256, 19 A. 206, 7 L. R. A. 630, 19 Am. St. Rep. 387. See, also, annotation in 37 A. L. R. 1120; 41 Corpus Juris, 651; 11 Corpus Juris, 599, 600; Morgan v. Gilbert (C. C.) 2 F. 835; Hubinger v. Central Trust Co. of New York (C. C. A.) 94 F. 788.

Some of the authorities hold that, before the mortgagee is entitled to bring such action for damages thus occasioned, he must first foreclose his mortgage and ascertain that a deficiency remains due to him. Lavenson v. Standard Soap Co., supra; Berthold v. Holman, 12 Minn. 335 (Gil. 221), 93 Am. Dec. 233; Webber v. Ramsey, 100 Mich. 58, 58 N. W. 625, 43 Am. St. Rep. 429. But there is another line of cases which holds that he may maintain an action before breach of condition and recover damages in the nature of waste against the mortgagor or a third person for substantial damages done by him to the mortgaged property, even though in its damaged condition it is of sufficient value to satisfy the

mortgage. This is permitted on the theory that the mortgagee has a right to his security unimpaired. Delano v. Smith, supra. See, also, 19 R. C. L. 326, § 101.

Upon the facts presented we are constrained to adopt the rule now in force in most states and recognize appellant's right to maintain this action. The fact that he is a trustee instead of a mortgagee we think makes no difference in principle. The trustee is named for the benefit of the bondholders, and the owner of the property secures the loan by a trust deed which in effect is a mortgage, and there is no apparent reason why the trustee should not be permitted to maintain the action. While the declaration in several respects is not as specific as it might be, yet it alleges a legal title in the trustee which he holds as security for the bonded indebtedness, and a duty is imposed by law upon appellee and all others to respect that property right. The allegations of the bill clearly disclose that that duty has been violated by appellee, and that as a proximate result the value of the land in controversy has been destroyed. Those allegations are admitted by the demurrer, and we think the demurrer should have been overruled.

Under the decisions referred to, we think it makes no difference whether the payor of the bonds was solvent or insolvent at the time of the acts complained of. However, the declaration alleges that the mortgagor was insolvent at the time the suit was filed. The facts pleaded are sufficient to constitute appellee a tort-feasor, and, while appellant, upon default in payment when due, would no doubt have a cause of action against the payor on his contract, and he might thus recover the full amount of the bonded indebtedness, yet those facts would not preclude appellant from now recovering damages from appellee for injuries already accrued to the property which he holds as security. Under the facts pleaded appellee is in no position to select the remedy which appellant shall pursue. If appellee's contention in this respect were sound, then a mortgagee whose mortgage notes were not due could not maintain an action for the destruction of his security until there was default in payment and until it had been determined that his debtor was then insolvent. By that time both the debtor and the tort-feasor might be insolvent, and in that event the mortgagee or trustee could have no remedy. If, as appellee contends, a mortgagor has the exclusive right to maintain an action for damages to the property, and if he should refuse to do so prior to default, then the mortgagee

or the trustee would be compelled to wait until his debt became due, and, if in the meantime the action for damages to real property were barred by the statute of limitations, there would be no remedy. We think, however, that under the facts assumed there is a remedy, and it is not based on the mortgagor's inactivity, but upon injury to the mortgagee's or trustee's present interest in the property as a security for the debt.

Of course, in the instant case the debt was past due when the action was filed, and a foreclosure proceeding might have been instituted, but under the greater weight of authority we think that fact can make no difference. As between the mortgagor and the trustee, it certainly can make no difference in the result, for whatever may be recovered by appellant, if anything, will be credited on the mortgage.

The judgment of the District Court is reversed, and the cause remanded, with instructions to overrule appellee's demurrer to the declaration and for further proceedings not inconsistent with this opinion.