74

Frank Wadelski and Frank Wadelski as Conservator of the Estate of Frances Wadelski, Insane, Appellees, v. Sixteenth Ward Building and Loan Association of Chicago, Illinois, Appellant.

Gen. No. 37,150.

Opinion filed June 20, 1934. Rehearing denied July 9, 1934.

CHRISTIAN C. H. ZILLMAN, for appellant.

IRVING S. ABRAMS and HARRY M. EHRLICH, for appellees.

MR. JUSTICE WILSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court in favor of the plaintiffs, Frank Wadelski and Frank Wadelski as conservator of the estate of Frances Wadelski, insane, against the Sixteenth Ward Building & Loan Association, a corporation, for the sum of $2,240. The suit was *indebitatus assumpsit* for money had and received by the defendant for use of the plaintiffs. The cause was tried by the court without a jury and there appears to be no dispute as to the facts.

From a stipulation of facts entered into between the parties, it appears that in February, 1921, certain real estate located in the City of Chicago was owned by Martin Bartalski and his wife. This property was located on Ashland avenue.

February 1st of that year the City of Chicago started condemnation proceedings for the purpose of widening that particular street. While these proceedings were pending the property in question was conveyed by Bartalski and his wife to Frank Wadelski and Frances Wadelski, his wife, by warranty deed dated November 5, 1923, and subsequently recorded with the recorder of deeds of Cook county. Wadelski and his wife entered upon the premises and took possession and remained in possession until July 16, 1931.

July 26, 1927, a judgment was entered in the condemnation proceedings awarding the sum of $2,673 in full for a certain piece of the property taken and assessing the sum of $433 against the premises not taken as benefits accrued to that portion of the property by reason of the improvement.

June 22, 1928, Wadelski and his wife borrowed from the defendant, Sixteenth Ward Building and Loan Association of Chicago, Illinois, the sum of $5,000 and executed their note and mortgage for that amount secured by the premises in question.

May 18, 1929, the said Wadelski and his wife having defaulted in the payment of dues and interest on said mortgage, defendant herein, the Building and Loan Association, filed its bill for foreclosure in the circuit court of Cook county and obtained a decree under which said premises were sold on November 19, 1929, to the defendant, and at the same time and by virtue of the same decree a deficiency was found for the sum of $435.57 in favor of the defendant here and complainant in the foreclosure suit.

February 20, 1931, a master's deed to the property herein was executed and delivered to the defendant.

April 21, 1931, the City of Chicago, in accordance with the award in the condemnation proceedings, deposited with the county treasurer its check in the sum of $2,240. This amount was arrived at by deducting the sum of $433, benefits to the property not taken, from the sum of $2,673, the amount awarded for that portion of the premises taken.

In addition to the stipulation of facts certain evidence was introduced by the plaintiffs for the purpose of showing that the city entered upon the premises in question and took possession sometime in October, 1930. This, however, was after the sale under foreclosure but before the issuance of the master's deed.

April 30, 1931, the Building and Loan Association filed its petition in the condemnation proceedings praying that the amount of $2,240 deposited with the county treasurer by the City of Chicago be paid to it as the owner of the premises taken, and it was so ordered.

Plaintiffs' action is in *indebitatus assumpsit* to recover the sum of $2,240, paid the defendant on the

theory that the sale under the decree of foreclosure extinguished the mortgage and satisfied the debt but did not convey the title, which remained in the mort-. gagor until the expiration of the period of redemption and the delivery of the master's deed. Plaintiffs also insist that the City of Chicago having taken possession of the premises in question in October, 1930, and prior to the issuance of the master's deed, the plaintiffs as owners of the premises acquired a vested right in the compensation which was superior to that of the defendant. The plaintiffs were parties to the condemnation suit in which the order to pay the money to the Building and Loan Association was entered. No appeal was taken from that order so it still stands. No point is raised here however that this proceeding in effect is an attempt to review the judgment order of that proceeding and that question is, therefore, not before us.

May 18, 1929, prior to any action by the city indicating its intention to take possession of the property in question, the Building and Loan Association elected to declare a default in the note and mortgage for nonpayment of interest and started its foreclosure proceedings. The fact that the Building and Loan Association subsequently prosecuted this proceeding to a successful conclusion in the circuit court indicates that there was such a default and condition broken.

In order to arrive at a correct conclusion it is necessary to first give consideration to the question as to where the title to the property was during the various steps both in the condemnation and the foreclosure proceedings for the purpose of determining where the title to the condemnation award was at the time it was paid by the city to the county treasurer, and what the purchaser secured by reason of the sale. In this connection it must be borne in mind that at the time this money was paid by the city there had been a sale of

the property under the foreclosure proceedings but the master's deed had not as yet been delivered.

Originally, in the course of the development of real estate mortgages in England, under the common law, a mortgage was a pledge of land requiring a judgment to complete the transfer of title to and vest it in the mortgagee.

Later as was stated in *Lightcap v. Bradley,* 186 Ill. 510, a form of mortgage came into existence known as a trust deed which attempted to convey the legal title to the mortgagee upon condition broken. As a result of various decisions we now find the rule to be that as between the mortgagor and the mortgagee upon condition broken, the title vests in the mortgagee and upon foreclosure and sale the rights of the mortgagee have become fixed by the decree of sale and the title again vests in the mortgagor, subject to divesting on the completion of the sale by the issuance of the master's deed. A purchaser, if a third person, acquires no title but only a right to such until the issuance of the master's deed, so that during the period of 15 months between the decree of sale and the issuance of the deed, the title is in the mortgagor and he is still the owner of the land with the right to convey his title and interest.

It has been held that the fee title held by the mortgagee is in the nature of a base or determinable fee and the term of its existence is measured by that of the mortgage debt. *Lightcap v. Bradley,* 186 Ill. 510; *Wolkenstein v. Slonim,* 270 Ill. App. 473.

In the case of *Rohrer v. Deatherage,* 336 Ill. 450, however, the court announced the rule that the mortgagor was the legal owner of the premises against all persons except the mortgagee and his assigns, but that after condition broken, the mortgagee is as between himself and the mortgagor the owner of the fee. In this connection it might be interesting to note that there might be a very serious question of fact as to

whether there was a condition broken, in which event the question as to where the title to the property was becomes not one of law but one of fact. The latest announcement of the rule appears to be found in the case of *Wolkenstein v. Slonim,* 355 Ill. 306, where the court in its opinion said: "A mortgage conveys title as between the mortgagor and the mortgagee, but it is only a qualified title as security for the creditor during the existence of the debt. The mortgagor is regarded as the owner of the land for all beneficial purposes, subject only to the rights of the mortgagee. After condition broken, the mortgagee is, as between himself and the mortgagor, the owner of the fee, and he may maintain ejectment against the mortgagor or the owner of the equity of redemption. Upon default he has the right to possession against the mortgagor, his grantee, or anyone claiming under him by any right. (*Rohrer v. Deatherage, supra; Ware v. Schintz,* 190 Ill. 189; *Bradley v. Lightcap, supra; Taylor v. Adams,* 115 Ill. 570.)" Under the rule as announced in this decision we find that the mortgagor was the owner of the premises with the title thereto and that the mortgagee had a qualified title as security for the debt and during its existence, but that upon condition broken, as in this case, the mortgagee became the owner in fee as between himself and his mortgagor.

We now come to a consideration of the question as to the relative rights after the entry of the foreclosure decree in the suit brought by the Building and Loan Association against the Wadelskis.

It was in this interim between the decree of sale and the issuance of the master's deed that the money was paid into the hands of the county treasurer. Plaintiffs' claim is that by the decree of foreclosure the mortgagee's estate in the land was extinguished and reinvested in plaintiffs and therefore plaintiffs became entitled to this fund. The case of *Ware v. Schintz,* 190 Ill. 189, however, expresses the rule as follows:

"The fee title held by the mortgagee is in the nature of a base or determinable fee. The term of its existence is measured by that of the mortgage debt. When the latter is paid or becomes barred by the Statute of Limitations the mortgagee's title is extinguished by operation of law. (*Pollock v. Maison,* 41 Ill. 516; *Harris v. Mills,* 28 id. 44; *Gibson v. Rees,* 50 id. 383; *Barrett v. Hinckley,* 124 id. 32; *Lightcap v. Bradley,* 186 id. 510.) Until it is extinguished the legal title is in the mortgagee for the purpose of obtaining satisfaction of his debt." Under this rule it would appear that the title remained in the mortgagee until a complete satisfaction of the debt. This case evidently holds that the title of the mortgagee in the nature of a base or determinable fee exists until extinguished by a satisfaction of the mortgage debt. We later find the rule announced in *Chicago Joint Stock Land Bank v. McCambridge,* 343 Ill. 456, as follows:

"A sale under a decree of foreclosure of a mortgage extinguishes the mortgage and satisfies the debt secured by it to the extent of the purchase price received. It does not, however, convey the title, which remains in the mortgagor or his grantee until the expiration of the fifteen months' period of redemption and until a conveyance by the master's deed. (*Bradley v. Lightcap,* 202 Ill. 154; *Schroeder v. Bozarth,* 224 id. 310.) Both before and after a sale under a foreclosure decree the owner of the equity of redemption has the same estate in the land. (*Williams v. Williston,* 315 Ill. 178; *Aetna Life Ins. Co. v. Beckman,* 210 id. 394.) The only qualification of his estate is that the amount and time of the redemption have become absolutely fixed by the decree and sale, and his estate will be absolutely divested if he fails to redeem within the allotted time. (*Stephens v. Illinois Mutual Ins. Co.,* 43 Ill. 327.)" The effect of the holding in *Chicago Joint Stock Land Bank v. McCambridge* is that the decree of foreclosure extinguishes the mortgage debt and the

title is in the mortgagor until the period of redemption expires.

There is another question of law, however, which in our opinion is decisive of the question here involved and that is as to what the purchaser under the foreclosure sale acquired by reason of his purchase and in this connection it becomes necessary to consider the nature of the condemnation proceeding and the character of the judgment entered in such a case. We may safely say that such a judgment as is involved here is, in its nature, a conditional judgment. After a hearing upon the petition filed, whether the proceeding is under the Local Improvements Act, Cahill's St. ch. 24, ¶ 120 *et seq.,* or the Eminent Domain Act, Cahill's St. ch. 47, the value of the property taken is fixed and the award made which is to be paid upon the taking of the property. If the property is not taken in accordance with the terms of the award, no judgment attaches and the proceeding dies a natural death. When the award is paid into court and the judgment becomes effective, the owner of the property becomes vested with the right to the fund deposited except in the event of intervening rights of others. If there had been no foreclosure and sale of the property in question, the plaintiffs in this proceeding would have been entitled to the fund, subject to the rights of the mortgagee. The character of the judgments in these condemnation proceedings, as hereinbefore expressed, has been enunciated in the case of *Chicago & N. W. Ry. Co. v. City of Chicago,* 148 Ill. 141, and in *Rice v. City of Chicago,* 57 Ill. App. 558.

We believe it is also a well established rule that where property incumbered by a mortgage or deed of trust is condemned and the money awarded for the land taken is paid into the county treasury, the lien of the mortgage will attach to the fund so paid. *Union Mut. Life Ins. Co. v. Chicago & W. I. R. Co.,* 146 Ill.

320; *City of Chicago v. Gage,* 268 Ill. 232. Under these decisions the mortgage having been made to cover the entire estate, it would attach to the fund substituted for the property taken.

Coming to a consideration of the question as to what a purchaser would receive under the master's sale and before the issuance of the deed, it appearing that the fund had not yet been paid into the hands of the county treasurer, it is, we believe, apparent that the purchaser would be entitled to take all the right, title and interest of the mortgagor under the foreclosure sale as of the date thereof which would vest, however, only upon the issuance and delivery of the master's deed. At the time of making a bid, the purchaser would have a right to assume that he was buying the premises in its entirety. The award under the proceedings to condemn being a conditional judgment and not yet in effect, a purchaser would have the right to rely upon the fact that he was purchasing the property. He would naturally make his bid accordingly. Upon the payment of the money in the hands of the county treasurer it became substituted for the property taken and, in our opinion, belonged to the purchaser in the event of his finally completing the purchase and receiving his master's deed. The mortgagor upon the issuance of the deed immediately would be divested of his interest to the fund which was substituted for the land. The fact that the purchase was made by the mortgagee in our opinion would not alter the rule. His bid also would be presumptively based upon the fact that he was purchasing the property in satisfaction of his debt. If he was cognizant of the fact that the money would be paid into court before the completion of his purchase under his mortgage and he was to be deprived of the property taken and not receive the award, his bid, necessarily, would be less and the deficiency decree greater.

We see no reason for differentiating between the purchase by a third person and the mortgagee. The mortgagor had at all times the right to redeem after the sale and before the issuance of the master's deed and if he had done so he would have become entitled to the award in place of the purchaser. In accordance with the reasoning herein expressed the Building and Loan Association acquired rights under the sale no different from those of a stranger purchasing the property. We have been referred by plaintiffs to the case of *City of Chicago v. Thomasson*, 259 Ill. 322, in support of their position that the city having taken possession of the land, as shown by the evidence, the award immediately became due and payable and when paid into the hands of the county treasurer, the rights of the plaintiffs immediately attached thereto. As we have pointed out, however, this possession was taken, if at all, by the city after the foreclosure sale, and the purchaser upon receiving its master's deed, acquired all the rights of the mortgagor. Moreover, in the case cited the action was between the owners of the property and the city and the rights of third persons had not intervened as in the case at bar. Thomasson was suing the city to recover a judgment for the award which had not been paid, although the city had entered into possession. We do not consider that case in point as the circumstances in the case at bar are quite different.

We are, therefore, of the opinion that the circuit court erred in entering judgment in favor of plaintiffs and against the defendant. There is no dispute as to the facts. These were stipulated to, and the fact that the city took possession is not controverted; therefore, only a question of law is involved and for that reason the judgment of the circuit court is reversed and judgment is entered here in favor of the defendant.

*Judgment reversed and judgment here.*

HALL, P. J., and HEBEL, J., concur.