(No. 11501.—Judgment affirmed.)

KARL FRIEBEL, Appellant, *vs.* THE CHICAGO CITY RAIL-
WAY COMPANY *et al.* Appellees.

*Opinion filed October 23, 1917.*

1. WORKMEN'S COMPENSATION—*when employee of a furniture
company is engaged in extra-hazardous occupation.* A furniture
company which maintains a warehouse for the storing of its fur-
niture, from which deliveries are made to customers, operates a
warehouse within the meaning of subdivision 4 of paragraph (*b*)
of section 3 of the Compensation act, and an employee who is
engaged in delivering such furniture and whose duties require him
to work in and around the warehouse is engaged in the extra-
hazardous occupation of his employer.

2. SAME—*injury received while going to and from work may be
in course of employment.* An injury to an employee while going
to or returning from his employment may be such as to be regarded
as occurring within the course of the employment.

3. SAME—*section 29 of the Compensation act construed.* Un-
der section 29 of the Workmen's Compensation act, where an em-
ployee, while in the line of his employment, is injured by a third
party, and the employer, employee and third party are all under
the act, the employee may recover compensation from his employer
whether the third party was guilty of negligence or not and re-
gardless of the question whether the third party can be held liable
in an action for damages, but he cannot sue the third party for
damages. (*Keeran* v. *Peoria, Bloomington and Champaign Trac-
tion Co.* 277 Ill. 413, followed.)

4. SAME—*liability of third party under section 29.* If an injury
to an employee while in the line of his employment is caused by a
third party, and the employer, employee and third party are all un-
der the Workmen's Compensation act, then, under section 29 of
that act, the third party is liable to pay to the employer the amount
of compensation awarded against him and in favor of the employee,
provided the third party was guilty of negligence or a violation of
some statute giving rise to an action for damages by the employee.

5. SAME—*employee's recovery not dependent upon solvency of
employer.* The fact that section 29 of the Workmen's Compensa-
tion act takes from the employee, under the circumstances stated
therein, the right to bring an action against a third party who in-
jures him does not make his recovery of compensation dependent
upon the solvency of his employer, since, if the employer should
be insolvent or fail to bring the action against the third party, the

employee would have the right to maintain the action for his use in the name of his employer.

6. SAME—*under section 29 of the Compensation act employer may bring action against third party without first paying compensation.* Under section 29 of the Workmen's Compensation act the employer may bring his action against the third party causing the injury without first having paid the employee the amount of compensation awarded, as the word "subrogated," in said section, is not used in its technical sense but is more nearly equivalent to the word "transferred."

7. SAME—*section 29 of the Workmen's Compensation act is not invalid.* Section 29 of the Workmen's Compensation act is not invalid because in some cases the injured employee who is under the act may not receive adequate compensation for his injuries, as such employee has his election whether he will be bound by the act; nor is the act invalid as being broader than its title nor as being discriminatory or special legislation.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

C. W. GREENFIELD, for appellant.

HARRY P. WEBER, GEORGE W. MILLER, and ARTHUR J. DONOVAN, (JOHN R. GUILLIAMS, and FRANKLIN B. HUSSEY, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant brought this suit against the Chicago City Railway Company, the Calumet and South Chicago Railway Company and the Hammond, Whiting and East Chicago Railway Company, appellees, to recover damages for personal injuries received by him November 13, 1913, in a collision of a street railway car and an automobile truck. The original declaration was filed February 6, 1914, an amended declaration was filed November 13, 1915, and three additional counts were filed October 21, 1916, all counts in the amended declaration being finally withdrawn except the first amended count and the first additional count. Said two counts of the amended declaration charged

that appellant was injured by the negligence of appellees in operating a street car in the city of Chicago on a certain street railway, and that appellees were jointly and severally possessed of and operating the street car at the time of the collision. There was a plea of not guilty and a plea denying ownership of the car, with a stipulation that any competent evidence might be introduced in support of the defense that appellant and appellees were all governed and controlled by section 29 of the Workmen's Compensation act that would be admissible under a proper plea in bar of said action based on the provisions of said section. Appellant offered evidence tending to prove the allegations of the declaration. Appellees offered no evidence as to the accident or injury to appellant, but introduced proof tending to show that at the time of appellant's injury he and his employer, the Hartman Furniture and Carpet Company, and the appellees, were all operating under the provisions of the Workmen's Compensation act, to support their contention that by reason thereof appellant's suit is barred by section 29 of that act. At the close of all the evidence appellees requested the court to instruct the jury to find them not guilty and the court so instructed the jury. A verdict of not guilty was accordingly returned, and judgment was entered on the verdict in favor of appellees and against appellant. From that judgment of the circuit court of Cook county this appeal was prosecuted direct to this court, on the ground that the constitutionality of section 29 of the Workmen's Compensation act is involved.

The facts, so far as they are material to the questions presented on this appeal, are not in dispute. They were established by stipulations and by testimony which was not contradicted. It appears from the record that on November 13, 1913, the appellant was in the employ of the Hartman Furniture and Carpet Company, which company at that time was in the business of operating some five or six retail furniture stores located in different parts of Chicago,

and in connection with said stores it also operated a large seven-story warehouse at Thirty-ninth street and Wentworth avenue. Many of the articles sold in the retail stores were sold from samples, and deliveries thereof were made from the warehouse by means of automobile trucks and horses and wagons. No goods were stored in said warehouse except those belonging to the Hartman Furniture and Carpet Company. On the main floor of this warehouse, in a space about thirty feet square, there was a small repair shop enclosed and separated from the rest of the building, which shop was equipped with various machinery for rebuilding such furniture as became broken or damaged in handling. The warehouse also contained three or four elevators operated by electric motors, and two power-driven pumps and low-pressure boilers were located in the basement. Guards had been placed on certain parts of the machinery for the protection of the men operating the same. Appellant on the day of his injury had nothing to do with the operation of the repair shop or the machinery or any of the elevators connected with the warehouse. His duties were confined solely to the loading of trucks from the platform of said warehouse with furniture taken therefrom and making deliveries thereof. He was receiving a regular salary of $15 a week, and overtime amounting at times to $7 a week. On said date appellant and one other man had loaded furniture from said warehouse upon an automobile truck in charge of a chauffeur, and had gone with the truck from the warehouse to deliver and unload the furniture into the houses of the customers of their employer, the Hartman Furniture and Carpet Company. Their last delivery was made at Hagewisch at about seven o'clock in the evening. When they started home they proceeded to South Chicago and then up Chicago avenue towards the city, having still one or two pieces of furniture on the truck. When they had about reached the intersection of East End avenue with South Chicago avenue the steering gear of the truck

became disarranged and the chauffeur stopped the truck. While endeavoring to ascertain the cause of the trouble appellant and the two persons with him undertook to remove the disabled truck from the street car track to allow a north-bound car to pass, which had come up behind them and stopped. Appellant took hold of one of the front wheels with his hands and the other helper took hold of the other front wheel to guide the truck. The chauffeur, thus assisted, by the use of the power was able to move the truck from the north-bound track over to the south-bound track and permit the north-bound car to pass. On account of the roadway at the side of the street being full of holes and several inches lower than the street car tracks it was impossible for the appellant and the other helper to guide the truck by their hands so as to move it except on the paved street car tracks. A south-bound car having come up to that point it became necessary to move the truck back to the north-bound track in order to allow the south-bound car to pass. When the truck had been moved by these operations far enough north so that it was about at the south line of East End avenue, in order to prevent further blocking of the traffic on the street car track the chauffeur undertook to run the truck off the track into East End avenue, where necessary repairs might be made. In order to do this the same process was resorted to as before. After the truck had been removed from the north-bound track, except about two or three feet of the rear left-hand corner and possibly one hind wheel, a north-bound car, without any warning or signal, struck the rear of the truck and drove it ahead a distance of about seventy-five feet against a tree, with such force that the chauffeur was thrown through the plate glass windshield and several feet ahead of the truck. Appellant was caught under the truck in such a manner that his right ear was completely torn off, three or four of his ribs broken, a severe gash cut in his scalp, his scalp torn back, his body badly bruised, the sight

of his right eye destroyed and the hearing of his right ear totally impaired.   He also suffered an impacted fracture of the spine, and by reason of the injuries was permanently and totally disabled.

It appears from the record that prior to appellant's injury his employer had taken no affirmative action to bring itself within the provisions of the Workmen's Compensation act, and that neither appellant nor his employer had taken any action to reject that act.   It is conceded that the record shows that appellees at the time of the injury were operating under the Workmen's Compensation act.   After the injury appellant's employer paid to him, and he accepted, compensation under said act up to the time of the trial, amounting to the sum of $1148.89, in addition to $200 for surgical and hospital bills.

The contentions of appellant are, that the work in which he was engaged was not extra-hazardous and that he was therefore not bound by the Workmen's Compensation act; that the injury sustained by him did not arise out of and in the course of his employment; that even if appellant and his employer were operating under that act, this suit can be maintained by him under the subrogation provision of section 29 of the act to the amount of the compensation allowed by said act; that section 29 is unconstitutional (1) because the act is broader than its title, and therefore contravenes section 13 of article 4 of the constitution of this State; (2) it is special legislation, in contravention of section 22 of article 4 of the constitution; (3) it gives one class of employees an election to bring an action against a third party tort feasor and denies that right to other employees of the same class; (4) it deprives the immediate employer of all defenses but does not deprive the third party tort feasor of his common law defenses when sued under section 29 by the employer of an injured employee; and (5) it violates section 2 of article 2 of the constitution in that it deprives citizens of property without due process

° 280 — 6

of law, etc., and for the same reason violates the fourth and fifth amendments of the constitution of the United States.

If the work or employment in which appellant was engaged was not extra-hazardous within the meaning of section 3 of the Workmen's Compensation act that act can have no application in this case, as neither appellant nor his employer has done any act showing an election to be bound thereby. Under the holding of this court in *Armour & Co.* v. *Industrial Board*, 275 Ill. 328, appellant's employer, the Hartman Furniture and Carpet Company, in maintaining its warehouse for the storing of its furniture and from which distribution of furniture was made to its customers, was operating a warehouse within the meaning of subdivision 4 of paragraph (*b*) of section 3 of the Compensation act, and was therefore engaged in one of the hazardous occupations mentioned in section 3. Appellant and his employer having made no election not to be bound by the Compensation act were automatically brought within its provisions and are governed by all of those provisions, provided appellant at the time of his injury was engaged in an employment connected with the operation of said warehouse. The purpose of the warehouse was the storing of furniture, carpets, etc., until they should be sold and delivered. Appellant was engaged, with others, in loading from the platform of said warehouse onto the automobile truck goods that were stored in that warehouse and in going with the truck and unloading the furniture, etc., at the homes of customers. The warehouse could not and would not have served the purpose intended for it without work of the character done by appellant and the other parties with him on the motor truck being done by someone. Such work was a necessary part of maintaining and operating the warehouse, and the work of appellant was therefore related to and connected with the operation of the warehouse. His duties required him to work in and around the warehouse where the goods were stored, and his occupation was a part

of the occupation or enterprise of his employer in the conducting and maintaining of the warehouse. *Suburban Ice Co. v. Industrial Board,* 274 Ill. 630.

It is argued by the appellant that even if the Hartman Company, his employer, was engaged in an extra-hazardous occupation and that his work was connected therewith, still it does not appear that the injury arose out of and within the course of his employment, and that for that reason the Workmen's Compensation act has no application to this case. The injury occurred to appellant while he was in the service of his employer although his work for the day had terminated and he had made his last delivery of goods. He was on his return from his last trip of the day, and although his hours of employment for that day had expired, he was at the very moment his injury occurred engaged in work for his employer necessitated by his employment. It has been repeatedly held by this court and by courts of last resort in other jurisdictions in similar cases, that where one is injured while merely going to or returning from his employment the injury is considered to have occurred within the line of the employment. *Munn v. Industrial Board,* 274 Ill. 70; *Decatur Railway Co. v. Industrial Board,* 276 id. 472; *Pekin Cooperage Co. v. Industrial Board,* 277 id. 53; *Mann v. Glastonbury Knitting Co.* (Conn.) 96 Atl. Rep. 368; *Kunze v. Detroit Shade Tree Co.* (Mich.) 158 N. W. Rep. 851; *Mahowald v. Thompson-Sterrett Co.* (Minn.) 158 N. W. Rep. 913; *Swanson v. Latham & Crane,* (Conn.) 101 Atl. Rep. 492.

Section 6 of the Workmen's Compensation act reads as follows: "No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee other than the compensation herein provided shall be available to any employee who is covered by the provisions of this act, to anyone wholly or partially dependent upon him, the legal

representatives of his estate, or anyone otherwise entitled to recover damages for such injury."

Section 29 provides as follows: "Where an injury or death for which compensation is payable by the employer under this act was not proximately caused by the negligence of the employer or his employee, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee. Where the injury or death for which compensation is payable under this act was not proximately caused by the negligence of the employer or his employee and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this act, but in such case if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative, provided that if the injured employee or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any pay-

ment on account of such compensation, such employer shall be subrogated to all the rights of such employee, or personal representative and may maintain, or in case an action has already been instituted, may continue an action either in the name of the employee, or personal representative or in his own name against such other person for a recovery of damages to which but for this section the said employee or personal representative would be entitled, but such employer shall nevertheless pay over to the injured employee or personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this act and all costs, attorneys' fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability."

By the provisions of section 29 an employer is made liable for compensation to his employee for any injury received by the employee in the line of his employment, which injury was caused by the action of a third party, whether the third party in causing the said injury was guilty of negligence or not, if all three are bound by the Compensation act. In case the third party whose action caused the injury is not guilty of negligence or of a violation of any statute and is not liable in an action for damages by the employee against him, the employee, under the provisions of the Compensation act, can recover for his injury in such case even if he could not have had a recovery against anyone but for that act. This is one benefit to the employee from being under the Compensation act that is overlooked by appellant in the discussion by him of the constitutionality of section 29. If, on the other hand, the injury to the employee is caused by the negligence of a third party, or is caused under circumstances that would make the third party liable to the employee at common law for the injury, under section 29 the third party causing the injury must pay the compensation allowed to the employee

under the statute if all three of them, the employee, the employer and the party causing the injury, are bound by the provisions of the Compensation act, as in this case. He is only bound, however, to pay the same sum of money as would be awarded to the injured employee against his employer under the Compensation act, and his liability is dependent altogether on the question whether or not his negligence or violation of some statute was the proximate cause of the employee's injury and for which the employee could recover damages without regard to the Compensation act. There can be no question, we think, when sections 6 and 29 are construed together, that the employee is not entitled to more than the compensation allowed by the Compensation act in such a case, and the party directly liable to him for such compensation is his employer. Such was the holding of this court in the case of *Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413. It was also held in that case that the injured employee could not maintain an action against the party causing the injury where the third party and himself and his employer are all bound by the provisions of the Compensation act. We see no reason for receding from that holding. The positive provisions of the first sentence of said section 29 are, that "the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained." The word "subrogated," as used in that section, is more nearly equivalent to the word "transferred" than perhaps any other word that might be used in its place. The meaning of that sentence is, that the right of action of the employee against the third party causing the injury is transferred to his employer by operation of section 29. The general doctrine of subrogation is, that where one has been compelled to pay the debt or obligation which ought to have been paid by another, he is entitled to a cession of all the remedies that the creditor

possessed against such other party, and that the creditor of such other party who has been paid his debt has no longer any right of action against his debtor. The statute in this case, however, does not even contemplate that the employee must be paid his damages or compensation before his right of action is subrogated or transferred to his employer. This is plainly indicated by the language of the first sentence of section 29, which limits the right of action of the employer to a recovery of an amount not exceeding the aggregate amount of compensation "payable under this act." We think it clear that the employer may at once, after the compensation is fixed under the Compensation act, in a proceeding by the employee against him, proceed in a suit against the third party who caused the injury and recover from such third party the amount payable under the Compensation act by such employer to such employee without first having paid the employee the compensation awarded. The statute further. intends by section 29 that the sum so recovered by the employer from the third party shall be for the sole use of such injured employee, although it may at the same time be reimbursement to the employer of the amount paid out by the employer by way of compensation for such injury.

By the foregoing construction of sections 6 and 29 we think the whole objection to the constitutionality or validity of section 29 is answered. It is conceded that this court has heretofore, in the case of *Keeran* v. *Peoria, Bloomington and Champaign Traction Co. supra,* settled the question of the validity or constitutionality of this section against the contention of appellant, and that almost all other courts of last resort in this country have construed similar acts as constitutional upon the ground that such acts become binding upon employers and employees upon their election to abide by them.

It is thought by appellant, however, that there is one point of hardship against appellant in this case, and against

employees generally under similar circumstances, that has been overlooked in our discussion of section 29. One question put to this court by appellant is, what have appellees in this case, or employers similarly situated, waived for the benefits they receive under this section? And again, what advantage does said section 29 give to the appellant and other employees that may be similarly situated as he now is? These queries are answered by appellant by the statement that appellees do not even waive their common law defenses for the benefit received by them of not paying full damages, and that appellant is prevented by section 29 from recovering an amount sufficient to cover his injuries, as was guaranteed to him by law prior to the enactment of the Compensation act; and further, that he is made dependent solely upon his employer, solvent or insolvent, for his recovery of compensation. We do not think the position of appellant is tenable. By electing to come under the Compensation act and be bound·by all of its provisions, including section 29, appellees take upon themselves the liability of paying damages to one of their employees when injured by the action of some third person while the employee is in the line of his employment. Appellees may be thus obligated to pay compensation to their employee for an injury caused by some third person and for which said third person cannot be made to respond to them in like sum as such compensation paid to such employee. On the other hand, this appellant, by electing to come under the act, is not made to depend solely on the solvency or insolvency of his employer in the recovery of his compensation. We think it is clear that under section· 29 his damages or compensation is made doubly sure. But for the Compensation act his right of recovery would have been solely against the party who negligently caused the injury. If such party is not guilty of negligence he has no right of action against him and no right to compensation against his employer. Under section 29 his right to compensation against his em-

ployer is made certain, and the question whether or not he was negligently injured is not to be considered. After he secures his award for compensation against his employer, if his employer should become insolvent and wholly unable to pay or without any disposition to pay, or should fail to bring suit against the party causing the injury for his benefit, we think it is clear that, although his right of action against the party who injured him has been transferred to his employer to be brought in his employer's name, in case of the refusal of such employer, under such circumstances, to bring such suit against the party causing the injury the employee may do so in his employer's name for his own use and force the party causing the injury to pay the compensation if he is solvent. In other words, instead of having to rely altogether on his common law right of establishing negligence against the party who caused his injury and of establishing due care for his own safety, and finally upon the solvency of the party causing his injury, under section 29 his compensation is made sure and certain if injured while in the line of his employment, and its collection certain if either his employer or the party injuring him is solvent. In addition to those advantages, there are other sections of the Compensation act that require the employer to make provision or take steps looking to the certainty of the payment of the compensation for any injury occurring to any of his employees.

We do not think there is any single objection raised to the constitutionality or validity of this section of the statute that can be sustained. It may be true, as appellant insists, that under the Compensation act he will not receive sufficient compensation to adequately compensate him for his real damages. We think it is certainly true in this case. The answer to that is, that he had the option, before he was injured, to have elected not to be bound by the Compensation act. The fact that it has happened that he has chosen the course that realizes him the least money must

be charged to his unfortunate judgment or choice. It is no ground for invalidating the statute. In case he should finally fail to recover in his common law action against the party causing his injury,—*i. e.*, in case his employer should be unable to prove that appellant has any right of action against appellees,—his action that brought him under the Compensation act will result in a pure benefit to the amount of compensation he will receive from his employer.

We are clearly of the opinion that section 29 is legal and valid, and that the court was right in holding, under the facts in this case, that appellant has no right of action against appellees.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*