(No. 12160.—Judgment affirmed.)

THE NEW STAUNTON COAL COMPANY, Plaintiff in Error,
*vs.* PETER FROMM, Defendant in Error.

*Opinion filed December 18, 1918—Rehearing denied Feb. 5, 1919.*

1. PLEADING—*what must be averred in declaration as to master's duty to servant.* A declaration in an action for damages for failure of the master to use reasonable care to provide the servant with a reasonably safe place in which to work must allege facts from which the law will raise such duty from the master to servant.

2. SAME—*when count in declaration states a cause of action for negligence at common law.* A count alleging the ownership and operation of a coal mine by the defendant; that the plaintiff was employed by the defendant and was engaged in loading coal in a certain room of the mine; that the roof of the room was in a dangerous condition; that the defendant knew of such danger or could have known thereof by the exercise of reasonable care, and that the defendant knew plaintiff was loading coal in the room but negligently failed to warn him of such danger, with the result that the plaintiff was injured, states a cause of action.

3. SAME—*when cause of action is not barred by the Statute of Limitations.* If the cause of action set up in a count filed more than two years after the injury is a mere re-statement, in different language, of the cause of action set up in one count of the declaration which was filed in time, the cause of action so set up in the new count is not barred by the Statute of Limitations.

4. NEGLIGENCE—*when defense of assumed risk is waived.* If an employer elects not to be bound by the Workmen's Compensation act, he waives the right, in an action by a servant for damages for the employer's negligence, to rely upon the defense that the risk was assumed by the servant.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

WILLIAM E. WHEELER, for plaintiff in error.

HAROLD J. BANDY, for defendant in error.

Mr. Justice Carter delivered the opinion of the court:

This was an action brought in the circuit court of Madison county by defendant in error against plaintiff in error to recover damages for personal injuries sustained by him in the coal mine of plaintiff in error. A verdict for $2000 was obtained in favor of defendant in error, upon which judgment was entered. An appeal was taken to the Appellate Court for the Fourth District, where the judgment was affirmed, and the cause has been brought here by *certiorari*.

The original declaration filed September 16, 1916, consisted of two counts. A general demurrer filed to both these counts was sustained, and February 16, 1917, defendant in error filed an amended declaration of eight counts. A demurrer was sustained to the first seven of these counts and the eighth count was thereafter abandoned by defendant in error, who later, March 28, 1917, filed an amended declaration consisting of five counts. This last declaration was filed more than two years after the date of the injury. A demurrer filed to this declaration was sustained as to the first, second, third and fifth counts and overruled as to the fourth count. Thereafter plaintiff in error filed a plea of general issue and a special plea of the Statute of Limitations to the fourth count. Defendant in error demurred to said special plea and the demurrer was sustained. Plaintiff in error elected to abide by such plea and the case was tried solely on the fourth count of the amended declaration. This alleged, generally, as did the second count of the original declaration, common law negligence. The principal question involved here is as to whether the fourth count was a mere re-statement, in better form, of the same cause of action stated in the second count of the original declaration.

It seems to be conceded by counsel for plaintiff in error that if the fourth count of the amended declaration is merely a re-statement of the cause of action that then the

demurrer to the fourth count was properly overruled, but it is earnestly argued that the second count of the original declaration did not state a cause of action. That count, after alleging the ownership and operation of the coal mine by plaintiff in error and the employment of defendant in error therein, further alleged that on November 18, 1914, defendant in error was engaged as an employee of plaintiff in error in loading coal in room 46 of the mine; that on that day the coal in the roof of room 46 was loose and likely to fall and injure persons working therein, all of which facts plaintiff in error knew or could have known by the exercise of ordinary diligence; that therefore it became and was the duty of plaintiff in error on said date to notify defendant in error that the coal in the roof was loose and likely to fall and injure persons working in said room, and that plaintiff in error did not regard its duty in that behalf, but, on the contrary, negligently and carelessly permitted defendant in error to load coal in said room without knowledge of the dangerous condition, whereby he was struck and injured, etc.

It is the duty of an employer to use reasonable care to provide an employee a reasonably safe place in which to work. (*Metcalf Co.* v. *Nystedt,* 203 Ill. 333.) It is not sufficient to allege in the declaration that it is the duty of the defendant to do certain things, as that would be but the averment of a conclusion, but the declaration must state facts from which the law will raise the duty. (*McAndrews* v. *Chicago, Lake Shore and Eastern Railway Co.* 222 Ill. 232; *Bahr* v. *National Safe Deposit Co.* 234 id. 101.) The duty, if any exists, must arise from the facts stated. Said count 2 alleged the ownership and operation of the mine by plaintiff in error; that defendant in error was employed by plaintiff in error and was engaged as its servant in loading coal in room 46; that the roof of said room was in a dangerous condition; that plaintiff in error knew of such dangerous condition or could have known the same by the

exercise of reasonable care, and that it also knew that defendant in error, as such servant, was engaged in loading coal in said room. Here we find allegations of fact sufficient to impose upon plaintiff in error the legal duty to use reasonable care, on the day in question, to provide defendant in error with a reasonably safe place in which to work. The count further alleges that plaintiff in error negligently and carelessly permitted defendant in error to load coal in said room after knowledge on its part of the dangerous condition; that defendant in error sustained injuries on account of the negligence of plaintiff in error. This court has stated that in actions of this character it is necessary to allege and prove, in order to make out a case, three things: (1) The existence of a duty on the part of defendant to protect the plaintiff from the injury of which he complains; (2) the failure of the defendant to perform that duty; and (3) an injury to plaintiff resulting from such failure. (*Bahr* v. *National Safe Deposit Co. supra,* and cases there cited.) These three elements were averred in the second count of the original declaration. The fourth count of the second amended declaration is a statement of the same condition of facts, but without the surplusage that it is conceded by all parties was a part of the second count of the original declaration. It is the settled doctrine of this court that if an original declaration is filed in apt time, stating a cause of action, though imperfectly and defectively, subsequent amendments, though filed after the Statute of Limitations has run, will not be barred thereby if they amount to no more than a re-statement, in a different or better form, of the cause of action originally declared on. *Swift Co.* v. *Gaylord,* 229 Ill. 330; *St. Louis Merchants' Bridge Railway Ass'n* v. *Schultz,* 226 id. 409; *McInerney* v. *Western Packing Co.* 249 id. 240; *Vogrin* v. *American Steel Co.* 263 id. 474.

Counsel for plaintiff in error further argues that the trial court erred in refusing three instructions requested by

plaintiff in error. These instructions, as we read them, in substance advised the jury that if defendant in error knew of the dangerous condition of the roof he could not recover, and by them the defendant would be given the benefit of the doctrine of assumed risk as a defense in this case. The declaration averred, and it was expressly stipulated on the trial, that plaintiff in error had elected not to accept the provisions of the Workmen's Compensation act. Having elected not to accept the provisions of that act plaintiff in error waived its right to interpose the common law defense of assumed risk. (*Deibeikis* v. *Link-Belt Co.* 261 Ill. 454; *Crooks* v. *Tazewell Coal Co.* 263 id. 343; *Vaughan's Seed Store* v. *Simonini,* 275 id. 477.) Under these authorities the instructions were therefore properly refused. For the same reason plaintiff in error was not entitled to a peremptory instruction in its behalf on the ground that defendant in error had assumed the risk.

Counsel for plaintiff in error further argues that the trial court erred in refusing to give a peremptory instruction on its behalf. The only negligence charged in the fourth count, on which the case was tried, was that plaintiff in error negligently permitted defendant in error to work under a dangerous roof. This was the only question of fact to be determined by the jury. No evidence was offered by plaintiff in error. Defendant in error and two witnesses testified to the dangerous condition of the roof for one or two days prior to the accident and another witness testified to its condition after the accident. The evidence on behalf of defendant in error warranted the verdict on the question of negligence, and the peremptory instruction was therefore properly refused.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*