(No. 19700.

THE LINCOLN PARK COAL AND BRICK COMPANY, for use, etc., Plaintiff in Error, *vs.* THE WABASH RAILWAY COMPANY, Defendant in Error.

*Opinion filed December 20, 1929—Rehearing denied Feb. 19, 1930.*

JOHNSON & PEFFERLE, and THOMAS W. HOOPES, for plaintiff in error.

ALLEN & CONVERSE, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This cause is here, by leave of this court, on *certiorari,* to review a judgment of the Appellate Court for the Third District affirming a judgment of the circuit court of Sangamon county in favor of defendant in error, the Wabash Railway Company, and against plaintiff in error, the Lincoln Park Coal and Brick Company, for the use of the United States Fidelity and Guaranty Company, in bar of its action and for costs of suit.

The case was instituted in the name of the Lincoln Park Coal and Brick Company as plaintiff. In the original declaration it was alleged, among other things, that the plaintiff, the Lincoln Park Coal and Brick Company, was engaged in the coal business, and that Charles T. Hale on January 14, 1925, was in its employ and was killed while

engaged in duties arising out of and in the course of his employment, by the negligence of the Wabash Railway Company, defendant; that both plaintiff and Hale were subject to the provisions of the Workmen's Compensation act; that on May 8, 1925, the Industrial Commission awarded to Loretta Hale, widow, the sum of $7.69 per week for the period of 416 weeks, as provided by said act; that plaintiff became liable to pay said award, and did subsequently, from time to time, make such payments as they became due and owing, and that said award in full amounts to the sum of $3100.04, all of which plaintiff is liable to pay; that under and by virtue of section 29 of the Workmen's Compensation act the defendant, the Wabash Railway Company, became liable to the plaintiff for reimbursement of the money so expended and to be expended by reason of the death of Hale. On December 22, 1927, leave was granted to substitute as party plaintiff the "Lincoln Park Coal and Brick Company, for the use of the United States Fidelity and Guaranty Company," in lieu of the Lincoln Park Coal and Brick Company, and leave was also granted to file an amended declaration. The amended declaration is substantially in the language of the original declaration and uses the word "plaintiff" throughout the declaration, but concludes with the following additional paragraph:

"Plaintiff further avers that prior to January 1, 1925, that the Lincoln Park Coal and Brick Company was issued a policy by the said United States Fidelity and Guaranty Company, and which policy was in force on January 14, 1925, and in which said policy the said United States Fidelity and Guaranty Company agreed to protect the said Lincoln Park Coal and Brick Company from any and all loss that it might sustain under and by virtue of the Workmen's Compensation act of the State of Illinois; that in and by said policy and application for said policy the said Lincoln Park Coal and Brick Company agreed that the said United

States Fidelity and Guaranty Company would be subrogated to any and all rights of the Lincoln Park Coal and Brick Company against any third parties wherein the said United States Fidelity and Guaranty Company became liable for and did pay losses occurring in the course of the operation of the said Workmen's Compensation act and which said losses and liabilities were created by a third party; that as the result of the aforesaid policy of insurance the United States Fidelity and Guaranty Company became secondarily liable to pay, and did pay and is continuing to pay, the award described in the aforesaid declaration, and that under and by virtue of the aforesaid application and policy that the United States Fidelity and Guaranty Company become subrogated to the said Lincoln Park Coal and Brick Company."

To the amended declaration was attached an affidavit to the effect that the matters and things contained therein were true. To the amended declaration a demurrer was filed and sustained, and plaintiff in error abiding by its declaration, judgment was rendered in favor of defendant in error.

It is urged by defendant in error that the amended declaration presents a new cause of action and is barred by the Injuries statute because it was not filed within one year after the death of the employee, Hale.

On July 6, 1925, there went into effect an amendment to section 18 of the Practice act, providing: "Any proceeding .or suit at law or in equity hereafter brought under or by virtue of the subrogation provision or provisions of any contract or under or by any subrogation by operation of law shall be brought either in the name of, or for the use of the subrogee: *Provided,* the subrogee shall in his pleading oath, or by his affidavit, where pleading is not required, allege that he is the actual *bona fide* subrogee and set forth how and when he became the subrogee." Laws of 1925, p. 504.

It is the settled doctrine of this court that if an original declaration is filed in apt time, stating a cause of action, though imperfectly and defectively, subsequent amendments, though filed after the Statute of Limitations has run, will not be barred thereby if they amount to no more than a re-statement, in a different or better form, of the cause of action originally declared on. (*New Staunton Coal Co.* v. *Fromm,* 286 Ill. 254; *Swift Co.* v. *Gaylord,* 229 id. 330; *Vogrin* v. *American Steel Co.* 263 id. 474.) The cause of action stated in both the original and amended declarations was defendant's liability to pay damages resulting from Hale's injury and death resultant from defendant's negligence. Section 18 did not create any liabilities, neither did it destroy any. It simply changed the method of procedure with reference to enforcing liabilities. The cause of action in the original declaration was the same as in the amended declaration. The only difference was that the original declaration contained the name of the nominal plaintiff, which was suing on behalf of the beneficial plaintiff, which had prior to the commencement of the suit become subrogated to the rights of the nominal plaintiff, while the amended declaration named as plaintiff the nominal plaintiff for the use of the subrogee, to conform to section 18. Had the suit proceeded to judgment under the original declaration such amendment could have been made after the judgment. *Obermann* v. *Camden Fire Ins. Ass'n,* 314 Ill. 264.

In the case last mentioned the First National Bank brought suit in its own name without complying with the provisions of section 18. After judgment the court allowed the plaintiff to amend its declaration by making "S. A. Obermann, for the use of the First National Bank," plaintiff, and this court said with reference thereto: "By section 39 of the Practice act amendments may be allowed in a civil suit at any time before final judgment, on such terms as are just and reasonable, including the change of parties

plaintiff, and by that section the adjudication of the court allowing such amendment shall be considered conclusive evidence of the identity of the action. It cannot be doubted that under that section the court had a right to amend by substituting other parties plaintiff."

The right of the insurance company to receive reimbursement from defendant in error did not arise by virtue of the amendment of section 18 of July 6, 1925, but was a vested right which accrued prior to that time. When the suit was brought to enforce such right to reimbursement and the original declaration was filed no statute of limitations had run. The amendment of the declaration not stating a new cause of action, the requirement of the Injuries act as to time of commencing suit would not be a bar to the present action.

It is claimed by defendant in error that the amended declaration became so involved and contradictory in its allegations that defendant could not be certain as to who was the real party plaintiff and under what right it claimed. That defendant in error was not in doubt as to who was the real party plaintiff and under what right it claimed is evidenced by the fact that the additional plea filed by it just prior to the amendment was in bar of the action on the ground that the coal company was not the real party to the suit but that the undisclosed insurance company was in fact maintaining the suit as the real party in interest under the provisions of a private contract of insurance providing that it should be subrogated to the rights of the coal company. While the declaration as amended is somewhat inartistically drawn, yet at the present time in this State many of the niceties and technicalities of ancient pleading have been abandoned, and all that is now necessary in the statement of a plaintiff's claim in a declaration is a clear and concise statement, couched in simple language, of sufficient ultimate facts to show a liability on the part of the defendant to the plaintiff.

It is contended by defendant in error that in Illinois public policy precludes the sale, assignment or transfer of a cause of action for tortious injury or death. In 1898, prior to the passage of the Workmen's Compensation act, in *North Chicago Street Railroad Co.* v. *Ackley,* 171 Ill. 100, it was held that the sale or assignment of a right of action for personal injuries was void on grounds of public policy, as the law did not regard the right of a citizen to recover damages for injury to his person as a commodity of sale. The public policy of a State is to be found embodied in its constitution, its statutes, and, when these are silent on the subject, in the decisions of its courts. The public policy of the State, when not fixed by the constitution, is not unalterable but varies upon any given question with changing legislation thereon, and any action which, in the absence of legislation thereon, by the decisions of the courts has been held contrary to the public policy of the State, is no longer contrary to such public policy when such action is expressly authorized by legislative enactment. (*People* v. *City of Chicago,* 321 Ill. 466; *Steen* v. *Modern Woodmen,* 296 id. 104; *Zeigler* v. *Illinois Trust and Savings Bank,* 245 id. 180.) Section 29 of the Workmen's Compensation act having provided for the transfer, by subrogation, from an employee of the rights of such employee under the act to sue for injuries received in the course of his employment by reason of the negligence of a person other than his employer, such transfer cannot be said to be contrary to the public policy of this State.

From an examination of the record in this case we are of the opinion that the circuit court erred in sustaining the demurrer to the amended declaration, and the judgment is therefore reversed and the cause remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*