Brennan Construction Company, Plaintiff in Error, v. Henry A. Blair et al., Trading as Chicago Surface Lines, Defendants in Error.

Gen. No. 34,501.

Opinion filed March 23, 1931.

JOHN A. BLOOMINGSTON, for plaintiff in error.

BROWN, FOX & BLUMBERG, for defendants in error; FRANK L. KRIETE, CHARLES LEROY BROWN and CHARLES L. MAHONY, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendants to recover $4,350, which amount it claimed it had been

ordered to pay as compensation under the Workmen's Compensation Act, to the dependents of one of its employees, who had been killed through the claimed negligence of defendants' servants. A general demurrer was filed to the declaration which was in two counts; the demurrer was sustained, the suit dismissed at plaintiff's costs and it appeals.

Plaintiff's right to recover is based on the provisions of section 29 of the Workmen's Compensation Act, Cahill's 1929 Statutes, ch. 48, ¶ 229, page 1295. The question for decision is, Did the declaration state a cause of action? The substance of the allegations of the declaration is that on June 2, 1927, plaintiff was a corporation employing men and the defendants were corporations operating street cars in Chicago; that plaintiff, its employees and the defendants were all under the Workmen's Compensation Act; that plaintiff was engaged in construction work and that Louis Priori, one of its employees, on the day in question was engaged in digging a trench in the street near 15th and Halsted Streets, Chicago; that there was a wheelbarrow standing in the street near the trench and defendants' street car tracks; that one of defendants' street cars struck the wheelbarrow and threw it with great force against Priori, injuring him so severely that he died the same day; that Priori was at all times in the exercise of due care for his own safety and that the defendants, in the operation of the street car, were negligent in failing to observe that the car would come in contact with the wheelbarrow; that Priori left as his surviving dependents his widow and three children aged 8, 13 and 15 years respectively, who were deprived of Priori's support and were therefore entitled to compensation under the Workmen's Compensation Act; that Priori's injuries arose out of and in the course of his employment, while he was engaged in his work for the plaintiff company; that

immediately after Priori's death his dependents notified plaintiff and made a claim against plaintiff under the Compensation Act, and that afterwards, on or about August 24, 1927, an order was entered ordering plaintiff to pay to Priori's dependents $4,350 in weekly instalments of $18; that Priori's death resulted through no fault of the plaintiff and through the sole negligence of the defendant street car companies.

Counsel for plaintiff in his briefs says that the learned trial judge sustained the demurrer to plaintiff's declaration on the sole ground that there was no allegation in the declaration that an administrator or executor had been appointed for Priori's estate.

Section 29 of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 229, so far as it is pertinent here, provides that "Where an injury or death for which compensation is payable by the employer under this Act, was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, . . . then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee."

And the position of the defendants is that since plaintiff's right of action depends upon the provisions of section 29 above quoted, and since there was no allegation in the declaration that a personal representative of Priori's estate had been appointed, then the declaration did not state a cause of action; that the cause of action to which plaintiff would be subrogated was the cause of action, if any, that was in the per-

sonal representative of the deceased, and there being no personal representative there was no cause of action to which plaintiff could be subrogated. We think this contention cannot be sustained. The Compensation Act provides that where compensation is payable under the Act, ''No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty'' shall be available to any employee or the legal representative of his estate to recover damages. (Cahill's St. ch. 48, ¶ 206.) Under this section there was no common law or statutory right of action that could be maintained by Priori's representative. That right which is given by the Injuries Act is abolished. Moreover, section 7 of the Compensation Act, Cahill's St. ch. 48, ¶ 207, fixes the amounts to be paid, and paragraph (g) of that section provides that compensation which is to be paid for injury which results in death ''shall be paid to the persons who form the basis for determining the amount of compensation.''

There are other provisions of the Act which provide for a hearing before the Industrial Board. The Act creates the right to compensation and points out the procedure to be followed, and this does not include any action in any court. The right of a personal representative to recover for the wrongful death as provided in the Injuries Act being abolished where compensation is payable under the Compensation Act, there is no necessity for the appointment of a personal representative of the deceased. There is nothing for such a representative to do in case one were appointed, and it is elementary that the law never requires the doing of a useless act. In the instant case, plaintiff having been required to pay compensation for the death of Priori, is subrogated to all the rights which Priori or his estate might have had against the defendants.

The defendants further contend (1) that Priori was not an "employee" within the meaning of the Compensation Act; (2) that there are no facts alleging that Priori's fatal injury arose out of his employment; (3) that the declaration fails to allege that compensation was payable because there is no allegation that Priori's death resulted from or was caused by his injury; (4) that there was no allegation that the amount of compensation had been fixed and determined; (5) that plaintiff's claim having been brought under a claim of subrogation by operation of law, there must be a compliance with section 18 of the Practice Act, which requires that plaintiff must set forth on oath that he is the bona fide subrogee and how and when he became such; (6) that there is no allegation that Priori's injury was not proximately caused by the negligence of some employee of plaintiff; (7) that there was no allegation that defendants committed any actionable tort operating as the proximate cause of Priori's injury.

We think none of these contentions can be sustained. Although the allegations of the declaration are not as specific in some instances as they might have been, yet we think on general demurrer they sufficiently state a cause of action. Any lack of the allegations being specific might have been cured by amendment had the specific objection been urged. And plaintiff's contention that the court sustained the demurrer for the sole reason that there was no allegation of the appointment of a personal representative of Priori, is not controverted in defendants' brief.

The term "employee" is defined in the Act to mean "Every person in the service of another under any contract of hire, express or implied, oral or written." And the Act further provides that in case of injury or death, compensation is payable only where the injury or death arose out of, or in the course of, the employment.

In the instant case the declaration alleges, in substance, that Priori was working for the plaintiff in digging a trench in the street when he was fatally injured. We think this sufficiently alleges that Priori was an employee of plaintiff and that fatal injury arose out of, and in the course of, his employment. And we think it also appears from the declaration that Priori's death resulted from his injury. It is alleged that a street car struck the wheelbarrow throwing it with great force against Priori, by means of which he was so injured that he died on the same day. We think it also appears that the amount of compensation was fixed and determined because it is alleged that an order was entered directing plaintiff to pay $4,350 in weekly instalments and that thereafter it proceeded to pay these instalments to Priori's dependents.

We think section 18 of the Practice Act is not applicable to the instant case. *C. J. DeWit & Co. v. Central Lime & Cement Co.*, 250 Ill. App. 161. The Workmen's Compensation Act expressly provides that under the facts alleged plaintiff is entitled to maintain an action against the defendants for negligently causing the death of Priori, as a result of which plaintiff was required to pay compensation to Priori's dependents. There was no necessity for plaintiff to set forth on oath that it was the bona fide subrogee as provided in section 18; that section does not apply to compensation cases. It has been held that the right of an employee who is injured through the fault of a third person is "transferred" to the employer who has paid the employee compensation, rather than that the employer is subrogated to such right. *Friebel v. Chicago City Ry. Co.*, 280 Ill. 76.

For the reasons stated the judgment of the superior court of Cook county is reversed and the cause is remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*

Matchett, P. J., and McSurely, J., concur.