**Havana National Bank, Administrator of the Estate of Phillip D. Dieffenbacher, Deceased, for the use of Hartford Accident and Indemnity Company, Appellant, v. The Tazewell Club, Appellee.**

**Gen. No. 9,149.**

Opinion filed January 24, 1939.

CASSIDY & KNOBLOCK, of Peoria, for appellant; JOHN CASSIDY and JOHN E. CARLSON, both of Peoria, and JOHN F. SLOAN, JR., of counsel.

HUNTER, KAVANAGH & McLAUGHLIN, of Peoria, for appellee.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

The plaintiff has appealed from an order of the circuit court of Tazewell county sustaining a motion of defendant appellee, The Tazewell Club, a corporation, to dismiss appellant's amended complaint.

From the pleadings, it appears that on June 22, 1934, Phillip D. Dieffenbacher was an official of the Havana National Bank and was attending a bankers' association meeting at the Tazewell Club in Pekin, Illinois; that a porch railing at its clubhouse gave way, causing him to fall and receive injuries from which he died on the following day.

On June 21, 1935, within one year after his death, suit was filed by the Havana National Bank, as administrator of his estate, against the defendant appellee under the Injuries Act for the benefit of his surviving widow and three minor children, as next of kin. The defendant filed its answer denying the acts of negligence and averring that the deceased was an employee of the Havana National Bank and that the alleged injury and death arose out of and in the course of his employment; that both the bank and defendant were operating under the Workmen's Compensation Act of the State of Illinois, and by reason thereof the plaintiff had no cause of action against the defendant.

The widow of the deceased also filed a claim for compensation against the employer, which was heard before the arbitrator on June 5, 1935, and compensation was denied. A petition for review was filed with and

heard by the Industrial Commission, which approved the decision of the arbitrator. An appeal was then taken to the circuit court of Mason county, and on September 18, 1936, the decision of the commission was reversed, and an order followed awarding compensation in the sum of $5,500. The respondent petitioned for a writ of error to the Supreme Court, which was denied.

On February 15, 1938, plaintiff appellant was granted leave over defendant appellee's objections to amend the name of the plaintiff in the suit previously filed by the administrator for the use of the widow and next of kin, to read ''Havana National Bank, administrator of the estate of Phillip Dieffenbacher, deceased, for the use of Hartford Accident and Indemnity Company'' and leave was granted to file an amended complaint. The amended complaint, with supporting affidavits of subrogation under section 22 of the Practice Act, alleged that by virtue of section 29 of the Compensation Act, the deceased's employer became subrogated to the right of action of the personal representative, and that in turn the Hartford Accident and Indemnity Company became subrogated to the right of the employer to whom it had issued a policy of insurance, under the terms of which it had paid the compensation awarded against the employer.

Defendant's motion to strike the amended complaint was heard and allowed, judgment for costs was entered, and this appeal followed.

Defendant's motion to strike the amended complaint alleged in substance: (1) That in an action for wrongful death, the personal representative has no authority to bring suit for the benefit of any other person than the next of kin. (2) That the plaintiff named in the original complaint, and retained in the amended complaint, lacked the capacity to prosecute a suit under the law and facts as pleaded. (3) That the amendment

to the complaint was barred by the one-year provision of the Injuries Act.

Plaintiff appellant contends that it has a right of action which can be prosecuted in the name of the personal representative under the amended complaint for the use and benefit of the Hartford Accident and Indemnity Company as subrogee of the original plaintiff. Appellant further contends that since the original complaint was filed by the administrator of the deceased employee within one year after his death, the amended complaint was not barred by the limiting proviso of the Injuries Act.

Section 29 of the Workmen's Compensation Act of Illinois (Ill. Rev. Stat. 1937, ch. 48, par. 166; Jones Ill. Stats. Ann. 143.44) provides, that where both the employer and employee are under the act and compensation becomes payable, and the employee is injured or killed under circumstances creating a legal liability in a third person, who is also bound by the act, "then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee." Prior to 1935, the word "subrogated" appeared in place of the word "transferred" in the above section.

Numerous cases are cited wherein the employer, who paid to the employee the amount of compensation awarded, has prosecuted his right of action against the third person who was also under the provisions of the act, but no cases are cited wherein the employer or the insurance company which paid the award and was subrogated to the rights of the employer under its contract, has filed or prosecuted suit for the recovery of

such award in the name of the personal representative of the deceased.

It has been held under such circumstances, that while the employer may prosecute such suit in his own name against the third person directly (*Metropolitan Trust Co. v. Bowman Dairy Co.*, 369 Ill. 222, 15 N. E. (2d) 838) or for the use of the insurance company as subrogee of such employer (*Lincoln Park Coal & Brick Co. v. Wabash Ry. Co.*, 338 Ill. 82, 170 N. E. 8), the ''personal representative cannot maintain the action, the right having been transferred to the employer.'' *Parker v. Alton R. Co.*, 295 Ill. App. 60, 63, 14 N. E. (2d) 665. See also *Brennan Const. Co. v. Blair*, 261 Ill. App. 9; *McNaught v. Hines*, 300 Ill. 167, 174, 133 N. E. 53; *Schlitz Brewing Co. v. Chicago Rys. Co.*, 307 Ill. 322, 327, 138 N. E. 658; *Goldsmith v. Payne*, 300 Ill. 119, 122, 133 N. E. 52.

In *Parker v. Alton R. Co., supra,* at page 64, we said: ''If the appellee was in fact under the Compensation Act, it is clear from the decisions above quoted that the appellant would not have the capacity to sue, and the only right of action in this case would be in the employer's name.''

In *Lincoln Park Coal & Brick Co. v. Wabash Ry. Co., supra,* it was held in a case wherein the employer sued the third person to recover the amount of the award paid by him to the employee, when all three parties were operating under the provisions of the Workmen's Compensation Act, and the complaint was filed by the employer in his own name within one year after the death of the employee, the complaint could be thereafter amended by making the insurance company which paid the award a party as subrogee of the rights of the employer which passed to it under the terms of the insurance contract. The time limit of one year having passed for so filing a direct proceeding by the employer for the use of the insurance company as subrogee,

as was done in the above case, the plaintiff appellant herein has sought to save his cause of action by an amendment to the original declaration, which was not filed by the employer but was filed within one year after the employee's death by his personal representative under the provisions of the Injuries Act.

Section 29 of the Workmen's Compensation Act, which provides for such suit by the personal representative of a deceased employee, is limited to those cases wherein the third person against whom the cause of action has accrued is not operating under the act. Where all three parties are subject to the act, the personal representative is deprived of his right to sue and is confined to a right of recovery by an award of compensation under the terms of the act. The right to sue and pursue a remedy under the Injuries Act, of which the personal representative is deprived, is by the terms of said section of the Compensation Act transferred to and inheres in the employer, who has paid or become obligated to pay the award.

In *Schlitz Brewing Co. v. Chicago Rys. Co., supra,* it is said concerning the above provision in section 29, that ''Its evident purpose was to give the employer the right to recover from a negligent third party who injured his employee, the damages sustained, not exceeding the amount of compensation payable to the employee by the employer under the act.''

It is there further said that ''the word 'subrogated' used in the statute, was not a fortunate selection of a word to simplify the legislative intent. Section 6 prohibits an action by the employee against a third party, and any right of action he previously had is prohibited to him. It would seem the legislature did not intend to subrogate the employer to a right of the employee it had in the same act abolished. Some phases of this hydra-headed section of the Compensation act have been considered by this court heretofore, and the word

'subrogated' has been treated as having the meaning of transferred. (*Friebel v. Chicago City Railway Co.,* 280 Ill. 76; *Gones v. Fisher,* 286 id. 606.) . . . It has been settled by a number of decisions that the Compensation act abolishes the common law right of action of an employee against a third party for an injury when the employer, employee and the third party are subject to the provisions of the act. The cases are cited in *O'Brien v. Chicago City Railway Co.,* 305 Ill. 244. In *City of Taylorville v. Central Illinois Public Service Co.,* 301 Ill. 157, the court said it was 'the same action which the employee would have had but for the prohibition of section 6.' ''

The above provisions of the Compensation Act should be construed in connection with those of the Injuries Act. In *Goldsmith v. Payne, supra,* the court (page 122), in commenting on the provisions of section 29, said ''that if the person, other than the employer who is liable for damages for the injury or death, is bound by the provisions of the act, the right to recover damages shall belong to the employer and shall be limited to the amount of compensation payable under the act, but if the person, other than the employer, so liable for damages is not bound by the provisions of the act, then legal proceedings may be brought against such other person by either the employer or the injured employee. (*Gones v. Fisher,* 286 Ill. 606.)''

In *Friebel v. Chicago City Ry. Co.,* 280 Ill. 76, 86, 117 N. E. 467, the court also held that ''the word 'subrogated' as used in that section is more nearly equivalent to the word 'transferred' than perhaps any other word that might be used in its place. The meaning of that sentence is, that the right of action of the employee against the third party causing the injury is transferred to his employer by operation of section 29.''

In the case of *Brennan Const. Co. v. Blair, supra,* wherein the employer sought to recover compensation paid by him to the dependents of the deceased employee whose death was alleged to have been caused by the negligence of a third party also under the Compensation Act, it appeared that no administration was had of the estate of the deceased. The court held that the Compensation Act "creates the right to compensation and points out the procedure to be followed, and this does not include any action in any court"; that the right of a personal representative to recover for the wrongful death as provided in the Injuries Act was abolished in such case and "there is no necessity for the appointment of a personal representative of the deceased."

The court further held (page 15) that section 18 of the Practice Act (now section 22) providing for suit by subrogee or in name of subrogor for use of subrogee and for affidavits in support of the complaint, which provisions the plaintiff herein seeks to invoke, was not applicable in such case and that the Workmen's Compensation Act expressly provides that under the facts alleged, plaintiff is entitled to maintain an action against the defendants for negligently causing the employee's death, as a result of which plaintiff was required to pay compensation to his dependents. "There was no necessity for plaintiff to set forth on oath that it was the bona fide subrogee as provided in section 18; that section does not apply to compensation cases. It has been held that the right of an employee who is injured through the fault of a third person is 'transferred' to the employer who has paid the employee compensation, rather than that the employer is subrogated to such right. *Friebel v. Chicago City Ry. Co.,* 280 Ill. 76."

Both courts of review of Illinois have uniformly placed the same construction upon the intent of the

legislature in the use of the word "subrogated" in this section as meaning "transferred," and to further clarify this very situation, it may be noted that by an amendment of the above section in 1935 (Laws of Illinois, 1935, p. 842) the word "subrogated" was eliminated and the word "transferred," as so used and construed by the courts, was substituted and used in lieu thereof.

It appears to this court that the above provisions of sections 6 and 29, when considered in connection with the provisions of the Injuries Act and of section 22 of the Civil Practice Act concerning the right of subrogees to recover in the name of either the subrogor or subrogee (Ill. Rev. Stat. 1937, ch. 110, § 146 [Jones Ill. Stats. Ann. 104.022]) upon which appellant relies in this case, have no application to and are not intended to permit the employer to pursue his remedy and right of recovery against the third person in the name of the personal representative of the deceased employee.

In the recent case of *Metropolitan Trust Co. v. Bowman Dairy Co., supra,* at page 225, concerning the Injuries Act of 1853, wherein the time for commencing suit was reduced from two years to one year after death by the Amendment of 1903, it is said "Under that act we have uniformly held that the time fixed by it for commencing an action for wrongful death is not a statute of limitations, but is a condition of the liability itself. It is a condition precedent attached to the right to sue at all, and being so, the plaintiff must bring himself within the prescribed requirements necessary to confer the right of action. (*Bishop v. Chicago Rys. Co.,* 303 Ill. 273; *Hartray v. Chicago Rys. Co.,* 290 id. 85.)"

In *Schlitz Brewing Co. v. Chicago Rys. Co., supra,* at page 327, the court said that "we feel bound to hold that the right of the employer to sue is not a new cause of action created by section 29 but is the em-

ployee's right of action taken from him and transferred to the employer. We recognize this construction will in many cases defeat any recovery from a third person under section 29, for it seems quite clear the employer is in no position to commence suit to enforce his right of action until the damages he has sustained have been fixed and determined,'' and (page 330) ''If the construction we have given section 29 will have the effect in many cases of defeating the purpose sought to be accomplished by its enactment the remedy lies with the legislature. We do not see how we can give the statute the construction contended for by appellant without resorting to legislation ourselves.''

The provisions of the Subrogation Act contained in section 22, *supra,* do not apply under the facts set out in the amended complaint, and it does not state a cause of action. The trial court did not err in sustaining the defendant's motion to strike the amended complaint.

The judgment of the circuit court of Tazewell county is therefore affirmed.

*Judgment affirmed.*